**Received Pro Se Office via Box.com**
**August 26, 2024**
**2:31pm**

Clerk's Office
Filed Date: Received on
August 28, 2024 JVC
U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK

BROOKLYN OFFICE

No. 24-CV-01661 (HG)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL EISENBERG,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; NAMITA DWARKA, Deputy Superintendent Queens South & former Principal of William Cullen Bryant High School, in her official and individual capacity; CARLYN ST. AUBAIN, Principal of William Cullen Bryant High School, in her official and individual capacity; ALLISSA CREA MASON, Assistant Principal of Arts, Guidance, PPS & Student Engagement of William Cullen Bryant High School, in her official and individual capacity,

Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**MICHAEL EISENBERG**
(*PRO SE)*

23-50 Waters Edge Dr. Apt 6L
Bayside, NY 11260
516-395-7644
mjeisenberg@gmail.com

Served August 26, 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 8

POINT I ................................................................................................................................ 8

PLAINTIFF'S CLAIMS ARE TIMELY AND PLAINTIFF COMPLIED WITH THE

NOTICE OF CLAIM REQUIREMENT ............................................................................. 8

    A.   Timeliness ................................................................................................................ 8

    B.   Notice of Claim Requirement .................................................................................. 10

POINT II ............................................................................................................................... 11

PLAINTIFF HAS PLED PLAUSIBLE DISCRIMINATION CLAIMS ................................ 11

    A.   Standard of Law ....................................................................................................... 11

    B.   Plaintiff Has Stated Valid Age Discrimination Claims ............................................. 12

       1.   Plaintiff Has Indeed Suffered Multiple Materially Adverse Actions ...................... 12

       2.   Plaintiff Has Alleged Facts Showing Discriminatory Intent Based On Age ............ 14

    C.   Plaintiff Has Stated Valid Disability Discrimination Claims ..................................... 18

       1)   Plaintiff Has Plausibly Alleged He Is Disabled Under The ADA ............................ 18

       2)   Plaintiff Sufficiently Pled That He Was Discriminated Based On His Disability .... 18

POINT III.............................................................................................................................. 19

PLAINTIFF HAS PLED PLAUSIBLE RETALIATION CLAIMS ....................................... 19

    A.   Standard of Law .................................................................................... 19

    B.   Plaintiff Has Stated Valid Retaliation Claims .............................................. 19

POINT IV ........................................................................................................ 20

PLAINTIFF HAS PLED PLAUSIBLE HOSTILE WORK ENVIRONMENT CLAIMS ....... 20

POINT V ......................................................................................................... 22

INDIVIDUALLY NAMED DEFENDANTS ARE LIABLE UNDER THE NYSHRL
AND THE NYCHRL ........................................................................................ 22

POINT VI ........................................................................................................ 23

PLAINTIFF HAS PLED A PLAUSIBLE FIRST AMENDMENT RETALIATION
CLAIM ........................................................................................................... 23

    A.   Plaintiff's Speech was protected ................................................................. 23

    B.   Causal Connection Between Plaintiff's Speech and Retaliation by Defendants ........... 25

CONCLUSION .................................................................................................. 26

# TABLE OF AUTHORITIES

**Cases**

*Alfano v. Costello*,
294 F.3d 365 (2d Cir. 2002) .................................................................................. 20, 21

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................................. 11

*Atherley v. NY City Dept. of Educ.*,
No. 23-CV-383, 2024 U.S. Dist. LEXIS 58227 (S.D.N.Y. 2024) ............................ 2

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................................. 11

*Benedith v. Malverne Union Free Sch. Dist.*,
38 F.Supp. 3d 286 (E.D.N.Y. 2014) ......................................................................... 17

*Bernheim v. Litt*,
79 F.3d 318 (2d Cir. 1996) ........................................................................................ 24

*Blanco v. Brogan,*
620 F.Supp. 2d 546 (S.D.N.Y. 2009) ........................................................................ 26

*Bonaffini v. City Univ. of N.Y.*,
No. 20 Civ. 5118, 2021 U.S. Dist. LEXIS 128398, 2021 WL 2895688 (E.D.N.Y. July
9, 2021) ...................................................................................................................... 23

*Brown v. Daikin Am., Inc.*,
756 F.3d 219 (2d Cir. 2014) ...................................................................................... 16

*Buon v. Spindler*,
65 F.4th 64 (2d Cir. 2023) ......................................................................................... 17

*Burlington Northern & Santa Fe Railway v. White*,
543 U.S. 53 (2006) ..................................................................................................... 19

*Butts v. NY City Dept. of Educ.*,
No. 16-CV-5504 (NGG) (RML), 2018 U.S. Dist. LEXIS 170195 (EDNY Sep. 28,
2018) .......................................................................................................................... 25

*Carlton v. Mystic Transp. Inc.*,
202 F.3d 129 (2d Cir. 2000) ...................................................................................... 17

*Colandrea v. Hunter-Tannersville Cent. Sch. Dist.*,
No. 1:15-CV-0456 (LEK/ATB), 2017 U.S. Dist. LEXIS 41551 (N.D.N.Y. Mar. 22,
2017) .......................................................................................................................... 17

*Collins v. City of New York*,
156 F.Supp.3d 448 (S.D.N.Y. 2016) ......................................................................... 10

*Cooper v. Franklin Templeton Invs.*,
No. 22-2763-cv, 2023 U.S. App. LEXIS 14244, at *6 (2d Cir. June 8, 2023) .......... 21

*Davis-Garett v. Urban Outfitters, Inc.*,
921 F.3d 30 (2d Cir. 2019) .................................................................................... 8

*Dotson v. City of Syracuse*,
763 F. App'x 39 (2d Cir. 2019) ............................................................................ 16

*Eubanks v. NY City Dept. of Educ.*,
2021 U.S. Dist. LEXIS 21771, at \*46 (S.D.N.Y. Feb. 3, 2021) .............................. 19

*Fincher v. Depository Trust & Clearing Corp.*,
604 F.3d 712 (2d Cir. 2010) ................................................................................ 19

*Fitzgerald v. Henderson*,
251 F.3d 345 (2d Cir. 2001) .................................................................................. 9

*Franchitti v Cognizant Tech. Solutions Corp.*,
No. 21-CV-2174 (JMF), 2022 U.S. Dist. LEXIS 120977 (S.D.N.Y. July 8, 2022) ................... 9

*Friederick v. Passfeed, Inc.*,
No. 21 Civ. 2066 (RA), 2022 U.S. Dist. LEXIS 60743, 2022 WL 992798 (S.D.N.Y.
Mar. 31, 2022) ..................................................................................................... 22

*Galabya v. NY City Bd. of Educ.*,
202 F.3d 636 (2d Cir 2000) ................................................................................. 14

*Garcia v. Hartford Police Dep't,*
706 F.3d 120 (2d Cir. 2013) ................................................................................ 23

*Graham v. Long Island R.R.*,
230 F.3d 34 (2d Cir. 2000) .................................................................................. 16

*Grant v. Bethlehem Steel*,
622 F.2d 43 (2d Cir. 1980) .................................................................................. 26

*Hampson v. State Farm Mut. Auto Ins. Co.*,
No. 1:12-CV-00258 (BKS/CFH), 2015 U.S. Dist. LEXIS 192061 (N.D.N.Y. Mar. 26,
2015) .................................................................................................................. 18

*Herling v. New York City Dep't of Educ.,*
13-CV-5287, 2014 U.S. Dist. LEXIS 56442, 2014 WL 1621966 (E.D.N.Y. Apr. 23,
2014) .................................................................................................................. 13

*Ibok v. Sec. Indus. Automation Corp.*,
369 F. App'x 210 (2d Cir. 2010) .......................................................................... 20

*Ingram v. Nassau Health Care Corp.*,
No. 17-CV-05556 (JMA)(SIL), 2019 U.S. Dist. LEXIS 49374 (E.D.N.Y. Mar. 25,
2019) .................................................................................................................. 11

*Jadallah v. N.Y.C. Dep't of Educ.*,
21 Civ. 6390 (DG) (VMS), 2024 U.S. Dist. LEXIS 58425 (E.D.N.Y. Mar. 28, 2024) ..... 22, 23

*Johnson v. Palma*,
931 F.2d 203 (2d Cir. 1991) ................................................................................ 19

*Khwaja v. Jobs,*
   No. 1:19-cv-07070 (JPC) (SDA), 2021 U.S. Dist. LEXIS 65884 (S.D.N.Y. Mar. 26,
   2021) ........................................................................................................................ 15

*Kirkland-Hudson v Mount Vernon City Sch. Dist.*,
   665 F.Supp. 3d 412 (S.D.N.Y. 2023) ...................................................... 10, 12, 16

*Laface v. E. Suffolk Boces*,
   No. 2:18-cv-01314 (ADS)(AKT), 2019 U.S. Dist. LEXIS 74460 (E.D.N.Y. May 2,
   2019) ........................................................................................................................ 13

*Lane v. Franks*,
   573 U.S. 228 (2014) ................................................................................................ 24

*Lenart v. Coach Inc.,*
   131 F.Supp. 3d 61 (S.D.N.Y. 2015) ....................................................................... 17

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015) ....................................................................... 11, 14, 17

*Lovallo v. NY City Dept. of Educ.*,
   No. 23-cv-834 (MKV), 2024 U.S. Dist. LEXIS 59758, at *32 (S.D.N.Y. Mar. 27,
   2024) ................................................................................................................... 12, 20

*Mandell v. County of Suffolk*,
   316 F.3d 368 (2d Cir. 2003) .................................................................................... 15

*Massaro v. Bd. of Educ.,*
   No. 18-2980-cv, —F. App'x —, 2019 U.S. App. LEXIS 15325, 2019 WL 2183483 (2d
   Cir. May 21, 2019).................................................................................................... 26

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)................................................................................................. 11

*Modica v. N.Y.C. Dep't of Educ. et al.*,
   2021 U.S. Dist. LEXIS 146041 (S.D.N.Y. 2021)..................................................... 2

*Montero v. City of Yonkers*,
   890 F.3d 386 (2d Cir. 2018) .................................................................................... 24

*Murray v. NYC Board of Education,*
   No. 15-cv-03191 (RRM) (ST) (E.D.N.Y. 2019) ...................................................... 2

*Nat'l R.R. Passenger Corp. v. Morgan,*
   536 U.S. 101 (2002)................................................................................................... 9

*Nieblas-Love v. N.Y. City Housing Authority*,
   165 F.Supp. 3d 51 (S.D.N.Y. 2016) ....................................................................... 22

*Nielsen v. Rabin*,
   746 F.3d 58 (2d Cir. 2014) ........................................................................................ 2

*Nnebe v. City of NY,*
   22-cv-03860-VEC-SLC, 2023 U.S. Dist. LEXIS 16480, at *32 (S.D.N.Y. Jan. 30,
   2023) ........................................................................................................................ 14

*O'Connell-Byrne v. Hilton Cent. Sch. Dist.*,
No. 6:23-CV-06308 EAW, 2024 U.S. Dist. LEXIS 27618 (W.D.N.Y. Feb. 16, 2024) ........... 10

*Pekowsky v. Yonkers Bd. of Educ.*,
23 F.Supp. 3d 269 (S.D.N.Y. 2014) ................................................................................. 23

*Perry v. Ethan Allen, Inc.*,
115 F.3d 143 (2d Cir. 1997) ........................................................................................... 20

*Rivera v. NY City Dept. of Educ.*,
No. 21-CV-6134 (ENV) (TAM), 2023 U.S. Dist. LEXIS 18808, at *29 (E.D.N.Y. Feb.
3, 2023) ........................................................................................................................... 23

*Swierkiewicz v. Sorema, N.A.*,
5 Fed. Appx. 63 (2d Cir.2001) ........................................................................................ 14

*Syeed v. Bloomberg L.P.*,
568 F. Supp. 3d 314 (S.D.N.Y. 2021) ............................................................................. 16

*Thomson v. Odyssey House*,
No. 14-CV-3857 (MKB), 2015 WL 5561209, at *24 (E.D.N.Y. Sept. 21, 2015), *aff'd,*
652 F. App'x 44 (2d Cir. 2016) ....................................................................................... 12

*Tomassi v. Insignia Fin. Group, Inc.*,
478 F.3d 111 (2d Cir. 2007) ........................................................................................... 16

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015) ............................................................................................. 15

*Verne v. NY City Dept. of Educ.*,
21-cv-05427 (JPC), 2022 U.S. Dist. LEXIS 180299, at *26 (S.D.N.Y. Sep. 30, 2022) ......... 13

*Walsh v. Scarsdale Union Free Sch. Dist.*,
375 F.Supp. 3d 467 (S.D.N.Y. 2019) .............................................................................. 21

*Warmin v. NY City Dept. of Educ.,*
16 Civ. 8044 (KPF), 2019 U.S. Dist. LEXIS 125774 (S.D.N.Y. July 29, 2019) ................... 26

*Washington v. County of Rockland*,
373 F.3d 310 (2d Cir. 2004) ............................................................................................. 9

*White v. N.Y.C. Dep't of Educ.*,
No. 12 Civ. 1376 (CM), 2014 U.S. Dist. LEXIS 45419 (S.D.N.Y. Mar. 28, 2014)................. 14

*Wieder v. Skala,*
80 N.Y.2d 628 (1992) ..................................................................................................... 25

*Williams v. New York City Dep't of Educ.*,
No. 19 CIV. 1353 (CM), 2019 U.S. Dist. LEXIS 147789, 2019 WL 4393546
(S.D.N.Y. Aug. 28, 2019) ............................................................................................... 10

*Zagerson v. N.Y.C. Dep't of Educ.*,
20 Civ. 11055 (KPF), 2022 U.S. Dist. LEXIS 17690 (S.D.N.Y. 2022) ................................. 2

*Zoulas v. NY City Dept. of Educ.*,
400 F.Supp. 3d 25 (S.D.N.Y. 2019) ................................................................ 11, 13, 14, 21

**Statutes**

42 U.S.C. § 1983 ................................................................................................................. 2

Age Discrimination in Employment Act of 1967 ("ADEA"),
29 U.S.C. §§ 621 *et seq*., .......................................................................................... 1, 11

Americans with Disabilities Act of 1990 ("ADA"),
42 U.S.C. §§ 12101, *et seq.*, ...................................................................................... 1, 11

N.Y. Educ. Law § 3813(1) ................................................................................................ 10

N.Y. Educ. Law § 3813(2) ................................................................................................ 10

N.Y. Exec. Law. § 296(6) ................................................................................................. 23

New York City Human Rights Law ("NYCHRL"),
Administrative Code §§ 8-101, *et seq.* ................................................................... 2, 11, 12

New York State Human Rights Law ("NYSHRL"),
Executive Law §§ 290, *et seq.* ................................................................................. 1, 11

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL EISENBERG,

Plaintiff,

-against-

24-CV-01661 (HG)(VMS)

NEW YORK CITY DEPARTMENT OF EDUCATION;
NAMITA DWARKA, Deputy Superintendent Queens
South & former Principal of William Cullen Bryant High
School, in her official and individual capacity; CARLYN
ST. AUBAIN, Principal of William Cullen Bryant High
School, in her official and individual capacity; ALLISSA
CREA MASON, Assistant Principal of Arts, Guidance,
PPS & Student Engagement of William Cullen Bryan
High School, in her official and individual capacity,

Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff *pro se*[1] MICHAEL EISENBERG ("Plaintiff"), a fifty-seven year old tenured

music teacher employed by the New York City Department of Education ("NYCDOE"), submits

this memorandum of law in response to Defendants' motion to dismiss his complaint in this

employment discrimination action. Plaintiff commenced this action based on age and disability

discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. §§ 621 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. §§ 12101, *et seq.*, the New York State Human Rights Law, Executive Law §§ 290, *et seq.*

("NYSHRL"), and the New York City Human Rights Law, Administrative Code §§ 8-101, *et seq.*

---

[1] While I am a newly admitted licensed attorney and am proceeding *pro se*, I did get some outside legal assistance in drafting this response.

1

("NYCHRL").  Plaintiff further commenced this action pursuant to 42 U.S.C. § 1983 based on retaliation for First Amendment protected speech while employed as a teacher for the NYCDOE at William Cullen Bryant High School ("the School" or "Bryant") in Queens, New York.

Defendants' motion is premature at this juncture and should be denied, as Plaintiff has stated valid claims of age and disability discrimination and retaliation. Defendants' motion reaches far beyond what is appropriate for a motion to dismiss, and courts have routinely denied motions of this type at this early stage of litigation.  *See Murray v. NYC Board of Education,* No. 15-cv-03191 (RRM) (ST) (E.D.N.Y. 2019); *Modica v. N.Y.C. Dep't of Educ. et al.*, 2021 U.S. Dist. LEXIS 146041 (S.D.N.Y. 2021); *Zagerson v. N.Y.C. Dep't of Educ.*, 20 Civ. 11055 (KPF), 2022 U.S. Dist. LEXIS 17690 (S.D.N.Y. 2022); *Atherley v. NY City Dept. of Educ.*, No. 23-CV-383, 2024 U.S. Dist. LEXIS 58227 (S.D.N.Y. 2024).  Alternatively, if the Court is inclined to find that more factual detail is necessary, Plaintiff respectfully requests leave to file an amended complaint to address any deficiencies identified by the Court.  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

<u>**STATEMENT OF FACTS**</u>[2]

**<u>Background</u>**

Plaintiff has been employed with the NYCDOE as a music teacher since September 9, 2011. *Complaint* ¶ 12. Plaintiff was granted tenure and received all positive or above average evaluations. *Id.* ¶¶ 12-13, 16.  On or about September 11, 2017, Plaintiff began teaching at William Cullen Bryant High School under Principal Namita Dwarka. *Id.* ¶ 15.

Plaintiff was born in 1966 and is presently fifty-seven years old. He suffers from a disability

---

[2] Plaintiff respectfully refers to his Complaint for a full recitation of the relevant facts and allegations. For the purposes of responding to Defendants' motion to dismiss, however, Plaintiff has provided a recitation of certain specific facts and allegations.

related to migraine headaches, for which his administration is aware. *Id.* ¶¶ 7, 15.

Within two months after reporting fraud regarding report card grades for students in November 2017, Plaintiff began receiving negative performance reviews with several Developing and Ineffective ratings. *Id.* ¶¶ 23, 26, 38, 44, 48. Plaintiff also was reprimanded for not staying past work hours without pay, was subjected to disciplinary actions, and had been denied professional development, as well as per session opportunities, and less favorable placements than comparators. *Id.* ¶¶ 21-26, 31, 33, 35-36, 39-41, 43.

In addition, Plaintiff noticed a shift in the school administration's treatment towards him compared to younger music teachers at the school. Plaintiff received a higher degree of scrutiny than his younger peers, and was never granted his preferred classes, whereas his similarly situated younger music departmental colleague, George Weisman, who is under 40 years old, was assigned Plaintiff's only advanced choral class as a sixth class, receiving additional compensation for this added class. *Id.* ¶ 39.

For the following 2018-19 and 2019-20 school years, Plaintiff continued to receive increasingly poor ratings and disciplinary letters to file, was the subject of multiple investigations, which Plaintiff alleges included allegations which were fraudulent and frivolous (with all investigative findings ultimately unsubstantiated), and he was denied per session opportunities. *Id.* ¶¶ 50-54, 56, 58. On September 3, 2019, Plaintiff was intentionally left out of a music department presentation and was not mentioned by administration along with the three similarly situated younger members of the music department. *Id.* ¶ 59.

During the 2020-21 school year, Plaintiff was assigned to teach multiple classes, which were outside of his license area. Plaintiff was also denied per session for alleged budgetary constraints, although the administration allowed George Weisman, Garret Lanzet, and Alex Somer

(all under 40 years old), to engage in these same per session activities. *Id.* ¶¶ 65-66. Throughout October and November 2020, AP Crea Mason, Principal Dwarka, and AP Huezo, continued to harass Plaintiff by often visiting his class, surveilling, and subjecting him to adverse scrutiny, which undermined his ability to teach. *Id.* ¶¶ 68-69, 71-76, 84. As a result, Plaintiff experienced the worst migraines he had ever experienced, and a week later, Plaintiff caught Shingles as a further reaction to the stress endured by the school administration. *Id.* ¶¶ 69-70. Plaintiff continued to receive poor observation reports with all Developing ratings, and unwarranted disciplinary letters. *Id.* ¶¶ 77-78, 83, 85.

**2021-22 School Year**

On or around September 4, 2021, Principal Dwarka announced to all faculty at a conference meeting: "I'm 50. I'm old," confirming a schoolwide policy of disparaging age and of hiring predominantly young untenured staff members over older staff candidates. *Id.* ¶ 86.

During the 2021-2022 school year, Plaintiff was disciplined for taking time off for Covid testing and absentee lesson plans, although he did already provide lesson plans to his administrators. *Id.* ¶¶ 88-91, 96. Plaintiff was denied a sabbatical request, and received a MOTP score of Ineffective overall. *Id.* ¶¶ 94-95, 99, 102, 105. Plaintiff also requested and was denied multiple per session opportunities, provided to his younger, less senior colleagues. *Id.* ¶¶ 87, 95.

On June 14, 2022, Plaintiff contacted Susan Edelman, NY Post reporter, and subsequently provided her documentation of administrative pressure by Principal Dwarka, AP Crea Mason, AP Huezo, Principal St. Aubain, AP Troianos, and others to fix grades, to pass plagiarized work. He also provided a letter drafted by school union chapter leader Georgia Lignou decrying routine underscoring of Bryant teachers and pressure to amend grades. The NY Post ran an article on June 18, 2022, providing identifying information about Plaintiff, and focusing on the longstanding

practice of grade fixing at Bryant High School. *Id.* ¶¶ 178, 180.

**2022-23 School Year**

During the 2022-23 school year, Plaintiff was never granted his request for violin repairs and materials and was required to meet with AP Crea Mason for a Teacher Improvement Plan. *Id.* ¶¶ 107, 111. On September 30, 2022, the stated criteria to apply for per session work was amended, now requiring a higher minimum observation rating for any applicant than required in prior years. This minimum rating score was greater than what Plaintiff had recently been rated, thereby barring his application for per session work, while allowing similarly situated younger music departmental colleagues Lanzet, Somer, and Weisman to pursue these options. *Id.* ¶ 110.

On October 6, 2022, Plaintiff was removed from class while teaching students, required to gather his personal belongings in front of the class, immediately reassigned from the school, had his keys confiscated by AP Huezo, and escorted from the building. *Id.* ¶ 112. The Reassignment Office eventually contacted Plaintiff on May 26, 2023, communicating that the Special Commissioner of Investigations ("SCI") found the allegations unsubstantiated and removed Plaintiff from his reassignment. Plaintiff was informed a problem code had been attached to his DOE personnel file, which Plaintiff requested to be removed, but received no confirmation that it was done. *Id.* ¶ 126. Plaintiff submitted an EEOC Inquiry on December 12, 2022, and filed a Notice of Claim on December 29, 2022. *Id.* ¶¶ 114, 116.

On March 31, 2023 and May 30, 2023, Plaintiff reported via email and in person to Principal St. Aubain, AP Crea Mason, and AP Morales emails he received containing hate speech and sexually explicit harassment from anonymous cell phone numbers to Plaintiff's Bryant email account. *Id.* ¶¶ 121, 129. Plaintiff was repeatedly verbally harassed and stalked by students during the month of June 2023 and he reported this to Principal St. Aubain, who has failed to respond to

date. *Id.* ¶¶ 137, 142. Plaintiff filed a SDHR complaint against NYCDOE on May 8, 2023, and an EEOC charge based on age and disability discrimination and retaliation on May 10, 2023. *Id.* ¶¶ 124-125.

On May 30, 2023, Plaintiff returned to work, but Principal St. Aubain and AP Crea Mason immediately demoted him to substitute status; removed all of his music classes; refused him access to the music office, music room and piano; barred his access to the Bryant High School drive, music departmental files, and emails; barred him access to printing privileges; and denied him access to the personal item, property, and music resources he had been unable to retrieve upon reassignment. *Id.* ¶ 127. Plaintiff applied for all per session and summer school placement opportunities provided to other similarly situated music departmental colleagues at Bryant High School. Plaintiff never received a response to these applications. *Id.* ¶¶ 122, 128.

On June 13, 2023, on the last day of instruction for the year, AP Crea Mason advised Plaintiff that he had been reassigned to his original classes for the 2022-23 school year, classes from which he had been removed *de facto* effective upon his return from Reassignment. Since return from Reassignment, Plaintiff had been assigned to a substitute assignment. *Id.* ¶ 139.

On July 6, 2023, after four full days of teaching work at PS 110 on a summer-school assignment, Plaintiff's position at PS 110 was rescinded due to a determination of ineligibility to work due to the previously mentioned Problem code, relating to a disciplinary action that had been unsubstantiated. *Id.* ¶¶ 143-144. After Plaintiff's appeal to the union and Human Resources, this wrongful termination action was reversed.

**2023-24 School Year**

On September 4, 2023, Plaintiff was denied his program choice at Bryant, as well as his second and third preferences, and assigned all beginner classes. His similarly situated music

colleagues were assigned multiple advanced classes all in their license area. *Id.* ¶ 150. Students who had previously harassed Plaintiff continued to follow him and stand in front of his classroom and watch his classes during times when these students were assigned to classes elsewhere. Plaintiff provided photos and written statements to administration, and they took no action about it. *Id.* ¶ 149. In addition, Plaintiff reported to AP Crea Mason numerous lack of material resources that seriously undermined Plaintiff's teaching practices, which she did not address. *Id.* ¶¶ 152-153. AP Morales also interrupted Plaintiff while teaching and escorted him out in front of students and faculty to Principal St. Aubain's office to communicate information about the scheduling of upcoming disciplinary conferences. *Id.* ¶¶ 154-155, 160-161, 163-167.

On September 14, 2023, Plaintiff applied for eight per session opportunities at Bryant, all of which were ultimately denied. Plaintiff's younger music colleagues all received multiple per session assignments for this period. AP Crea Mason also denied Plaintiff's request for professional development. *Id.* ¶¶ 156-157.

On October 18, 2023, Plaintiff was informed in an OEO phone conference that an OEO complaint on Plaintiff's behalf had been filed by the NYCDOE regarding a sexual harassment complaint filed January 8, 2022 by former Principal Dwarka and AP Crea Mason. *Id.* ¶ 167. Plaintiff received negative observation reports from Bryant administrators on November 30, 2023, January 16, 2024 and January 25, 2024. *Id.* ¶¶ 168, 171, 173. On January 26, 2024, Plaintiff received an Ineffective overall rating, with the lowest composite score he had ever received with the NYCDOE to date. *Id.* ¶ 173. Plaintiff was out of work on a sabbatical for the latter half of the 2023-24 school year.

## ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS ARE TIMELY AND PLAINTIFF COMPLIED WITH THE NOTICE OF CLAIM REQUIREMENT

### A. Timeliness

Defendants argue that "Plaintiff's claims are partially time-barred" (Def. Mem., at 5). First, Defendants acknowledge that Plaintiff has pled timely adverse actions and only claim that some of his claims would be time-barred. Indeed, Plaintiff has pled multiple timely adverse actions that clearly fall within the applicable limitations period, including repeated denials of per-session opportunities (*Complaint* ¶¶ 110, 122, 128, 156), denials of arts allocations which negatively affected his teaching practice (*Id*. ¶¶ 107, 113), poor performance reviews (*Id*. ¶¶ 168, 170-174), unwarranted letters to file (*Id*. ¶¶ 118, 135), involuntary reassignment from teaching for almost 8 months (*Id*. ¶¶ 112, 126-127), a problem code attached to his file (*Id*. ¶¶ 126, 134, 143), demotion to substitute status after returning from reassignment (*Id*. ¶ 127, 139), denial of professional development opportunities (*Id*. ¶ 133, 157), misreporting contractually allowed attendance absences as disallowed or unauthorized, and charging the absence to Plaintiff's salary (*Id*. ¶¶ 141, 175), denial of his teaching preferences (*Id*. ¶ 150), and ongoing harassment from his administrators, undermining his teaching practice, as well as his administration's failure to address Plaintiff's numerous material resource concerns and report of students' harassment towards him (*Id*. ¶¶ 121, 129, 132, 137, 140, 142, 149, 152, 154, 160, 162-163, 166-167, 170).

Second, discriminatory adverse actions that occurred before the statute of limitations period provide relevant background evidence to Plaintiff's timely claims, and are certainly relevant to his hostile work environment claims. *See Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (noting that "even with respect to a claim of discrete discriminatory or retaliatory

8

acts, expiration of limitations period does not bar 'an employee from using the prior acts as background evidence in support of a timely claim") (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113–14, 122 S. Ct. 2061, 153 L.Ed.2d 106, at 113 (2002)).

Moreover, the continuing violation doctrine provides an exception to untimeliness of claims, as it states that if "a plaintiff has experienced a continuous practice and policy of discrimination …, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 349 (2d Cir. 2001).

In his complaint, Plaintiff alleged there was a hostile work environment from his administration that commenced during the 2018-19 school year and continues, with yet further denials of per session opportunities, a problem code related to his involuntary reassignment despite a determination that all allegations against Plaintiff were unsubstantiated, Ineffective and Developing ratings, further harassment from his administration by failing to protect Plaintiff from discriminatory conduct from students, publicly humiliating Plaintiff, and undermining his teaching practice, which are new adverse actions reasonably related to his initial EEOC filing.

With regard to Plaintiff's NYSHRL and NYCHRL claims, Defendants incorrectly state that claims against individually named Defendants accruing prior to March 5, 2021, and claims against the DOE accruing prior to March 5, 2023, are time-barred. Numerous courts in this Circuit have determined that the filing of an EEOC charge generally tolls the statute of limitations on related NYSHRL claims. *Franchitti v Cognizant Tech. Solutions Corp.*, No. 21-CV-2174 (JMF), 2022 U.S. Dist. LEXIS 120977, at *26 (S.D.N.Y. July 8, 2022) (finding that "the overwhelming weight of authority within the Circuit holds that the filing of a charge with the EEOC tolls the statute of limitations for any related claims under the NYSHRL"); *Kirkland-Hudson v Mount*

9

*Vernon City Sch. Dist.*, 665 F. Supp. 3d 412 (S.D.N.Y. 2023). Accordingly, any adverse actions against Plaintiff from NYCDOE occurring one year before the filing of Plaintiff's EEOC charge on May 10, 2022—i.e., after May 10, 2021, and from individual Defendants three years before the filing of his EEOC charge —i.e., after May 10, 2019 – are timely.

### B. Notice of Claim Requirement

Defendants argue that "to the extent that Plaintiff's NYSHRL and NYCHRL claims against the DOE and Dwarka arise out of any alleged conduct that first accrued [...] prior to September 16, 2022, those claims must be dismissed for failure to timely comply with applicable notice of claim requirements." (Def. Mem. 6-7). However, notices of claim are not necessary to be filed against individual defendants such as Principal Dwarka, Principal St. Aubain and AP Crea Mason. *See Collins v. City of New York,* 156 F.Supp.3d 448, 460 (S.D.N.Y. 2016). The statutory text of N.Y. Educ. Law § 3813(2) indicates that administrators, teachers, and other school employees are not included within the scope of § 3813(1).

Additionally, "[t]he accrual of a claim, as that term is employed in Education Law § 3813(1), 'occurs when damages have matured and become certain and ascertainable.'" *Williams v. New York City Dep't of Educ.*, No. 19 CIV. 1353 (CM), 2019 U.S. Dist. LEXIS 147789, 2019 WL 4393546, at *18-20 (S.D.N.Y. Aug. 28, 2019). Plaintiff claims that Defendants' acts were evidence of a continuing pattern of harassment and discrimination. Because Plaintiff filed his notice of claim on December 29, 2022, within the relevant time limitations, dismissal of the claim on this basis is not justified at this juncture. *See O'Connell-Byrne v. Hilton Cent. Sch. Dist.*, No. 6:23-CV-06308 EAW, 2024 U.S. Dist. LEXIS 27618, at *34 (W.D.N.Y. Feb. 16, 2024)(rejecting Defendants' argument that Plaintiff's claim should be dismissed on the basis that Defendants' alleged actions occurred more than 3 months prior to service of Plaintiff's notice of claim).

Accordingly, the NYCDOE had ample notice of Plaintiff's discrimination and retaliation claims, and Plaintiff's claims should not be dismissed on this basis.

**POINT II**

**PLAINTIFF HAS PLED PLAUSIBLE DISCRIMINATION CLAIMS**

### A. Standard of Law

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ingram v. Nassau Health Care Corp.,* No. 17-CV-05556 (JMA)(SIL), 2019 U.S. Dist. LEXIS 49374, at *7 (E.D.N.Y. Mar. 25, 2019). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Zoulas v. NY City Dept. of Educ.*, 400 F. Supp. 3d 25, 47 (S.D.N.Y. 2019) (citing *Iqbal*, 556 U.S. at 679).

Discrimination claims under the ADEA, ADA, NYSHRL and NYCHRL are analyzed under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A *prima facie* case of discrimination requires a showing of "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *See McDonnell Douglas* at 802. In addition, a complaint must give "plausible support to a *minimal* inference of discriminatory motivation." *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). A plaintiff is not required to plead a *prima facie* case to defeat a motion to dismiss. *See Littlejohn* at 312 (Courts "focus only on whether the allegations in the complaint give plausible support to

11

the reduced prima facie requirements … in the initial phase of a litigation."). Claims under the NYCHRL are subject to a more liberal standard, requiring only plausible allegations that the plaintiff "was subjected to unequal treatment because of [his] protected characteristic." *Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 WL 5561209, at *24 (E.D.N.Y. Sept. 21, 2015), *aff'd,* 652 F. App'x 44 (2d Cir. 2016) (summary order).

### B. Plaintiff Has Stated Valid Age Discrimination Claims

Defendants do not contest that Plaintiff was within a protected group based on his age and qualified for the music teacher position at issue. Rather, Defendants challenge his claims that he was subjected to an actionable adverse employment action occurring under circumstances giving rise to an inference of discrimination (Def. Mem. at 8). Plaintiff clearly has met his burden for both these elements to survive a motion to dismiss at this early stage of this litigation.

#### 1. *Plaintiff Has Indeed Suffered Multiple Materially Adverse Actions*

"[W]hile there is no exhaustive list of what constitutes an adverse employment action, courts have [] held that denial of promotion, addition of responsibilities, involuntary transfer that entails objectively inferior working conditions, denial of benefits, denial of a requested employment accommodation, denial of training that may lead to promotional opportunities, and shift assignments that make a normal life difficult for the employee, among other things, constitute adverse employment actions' under certain circumstances." *Lovallo v. NY City Dept. of Educ.*, 2024 U.S. Dist. LEXIS 59758, at *32 (S.D.N.Y. Mar. 27, 2024, No. 23-cv-834 (MKV)(citing *Kirkland-Hudson*, 665 F. Supp. 3d at 450).

Defendants incorrectly state that "the vast majority of the complained-of conduct is either time-barred or fails to rise to the level of adverse employment actions" (Def. Mem. at 9). As mentioned above in Point I. A., Plaintiff has pled multiple timely adverse actions that clearly fall

within the applicable limitations period. Notably, Defendants concede that Plaintiff's allegation that he was denied per session opportunities could constitute adverse actions,[3] but claim that "most of these alleged denials are untimely." (Def. Mem. at 10). Plaintiff was denied per session opportunities during the relevant time period. For instance, on September 30, 2022, the administration amended the observation rating criteria for receiving per session work so as to deny automatically any application for per session work Plaintiff presented in the future, while allowing for younger music departmental colleagues Lanzet, Somer, and Weisman to pursue these options (*Complaint* ¶ 110). On September 14, 2023, Plaintiff applied for eight per session opportunities, all of which were ultimately denied, whereas Plaintiff's younger music colleagues all received multiple per session assignments (*Id*. ¶ 156). A plaintiff's inability to pursue per session work as a result of poor performance reviews rises to the level of an adverse employment action (*Id*. ¶¶ 168, 170-174). *See Zoulas v. NY City Dept. of Educ.*, 400 F. Supp 3d 25, 54 (S.D.N.Y. 2019).

In addition, Plaintiff was involuntarily reassigned from his teaching duties for almost 8 months from October 6, 2022 to May 30, 2023 (*Id*. ¶¶ 112, 126-127), which clearly falls within the applicable limitations period. *See Verne v. NY City Dept. of Educ.*, 2022 U.S. Dist. LEXIS 180299, at *26 (S.D.N.Y. Sep. 30, 2022) (finding that Plaintiff's reassignment from teaching was a significant diminishment of her material responsibilities, as evidenced by her allegation that following the reassignment she did not teach); *Laface v. E. Suffolk Boces*, 2019 U.S. Dist. LEXIS 74460, at *20 (E.D.N.Y. May 2, 2019, No. 2:18-cv-01314 (ADS)(AKT))(Plaintiff's temporary assignment was sufficient to allege an adverse employment action); *Nnebe v. City of NY*, 2023

---

[3] *See Herling v. New York City Dep't of Educ.,* 13-CV-5287, 2014 U.S. Dist. LEXIS 56442, 2014 WL 1621966 (E.D.N.Y. Apr. 23, 2014) ("Denying an employee the opportunity to work overtime, comp time, or additional per-session employment may . . . constitute an adverse employment action.")

U.S. Dist. LEXIS 16480, at *32 (S.D.N.Y. Jan. 30, 2023) (Plaintiff plausibly alleged an adverse employment action by alleging her reassignment significantly changed her responsibilities).

After returning from his reassignment, Plaintiff was demoted to substitute status (*Complaint* ¶ 127, 139), a position that was "materially less prestigious, materially less suited to Plaintiff's skills and expertise, or materially less conducive to career advancement," which also constitutes a timely adverse action. *See Galabya v. NY City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir 2000). Moreover, a problem code was attached to his file, preventing him from further opportunities (*Complaint* ¶¶ 126, 143).

The Complaint also alleged that Plaintiff suffered from ongoing harassment from his administrators, undermining his teaching practice, failing to address his numerous material resource concerns, as well as his report of students' harassment towards him (*Id.* ¶¶ 121, 129, 132, 137, 140, 142, 149, 152, 154, 160, 162-163, 166-167, 170). *See White v. N.Y.C. Dep't of Educ.*, 2014 U.S. Dist. LEXIS 45419, at *44 (S.D.N.Y. Mar. 28, 2014)(being forced to endure a hostile work environment qualifies as an adverse employment action); *Zoulas v NY City Dept. of Educ.*, 400 F.Supp 3d 25, 60 (S.D.N.Y. 2019) (Plaintiff has plausibly pleaded a work environment that a reasonable person could find hostile or abusive because, *inter alia*, administrators repeatedly and over time berated and embarrassed her in front of her peers, students, and parents, which diminished her authority).

### 2. *Plaintiff Has Alleged Facts Showing Discriminatory Intent Based On Age*

On a motion to dismiss, a plaintiff is entitled to every reasonable inference in his favor. *See Littlejohn at 306.* "The complaint needed only to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."' *Id.* at 307 (quoting *Swierkiewicz v. Sorema, N.A.,* 5 Fed. Appx. 63 (2d Cir.2001)). "Because 'smoking gun' evidence is rare in

discrimination cases, "plaintiffs usually must rely on 'bits and pieces' of information to support an inference of discrimination, i.e., a 'mosaic' of intentional discrimination." *Khwaja v. Jobs,* No. 1:19-cv-07070 (JPC) (SDA), 2021 U.S. Dist. LEXIS 65884 (S.D.N.Y. Mar. 26, 2021)(quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015)).  A plaintiff may also support an inference of discrimination by showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group. *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003).

Here, Plaintiff has alleged a sufficient comparison of disparities in how the school administration treated him compared to younger music departmental colleagues (*Complaint* ¶¶ 39, 59, 66, 77, 87, 110, 127-128, 133, 139, 150, 156, 176). Specifically, the Complaint alleges that Defendants removed the music classes from Plaintiff and assigned them to younger music departmental colleagues, who received additional compensation for added classes. In contrast, Plaintiff was assigned classes out of license or a substitute assignment (*Id*. ¶¶ 39, 65, 104, 127, 133, 139, 150). For instance, during the 2022-2023 school year, similarly situated younger music teacher Mr. Weisman had been assigned one of Plaintiff's music classes and was being paid as a sixth-class coverage class.  Music colleagues Lanzet and Somer were also assigned to cover Plaintiff's other music classes while Plaintiff served as a substitute to random daily class assignments (*Id*. ¶ 127). Plaintiff was repeatedly denied per session opportunities, whereas per session opportunities were provided to his similarly situated younger, less senior colleagues Lanzet, Somer and Weisman. (*Id*. ¶¶ 53, 66, 87, 92, 110, 128, 156, 176).

Defendants argue that "Plaintiff fails to plausibly allege that he was similarly situated to the younger music teachers in any material respect" (Def. Mem. at 8-9). However, Plaintiff's allegations regarding employees who hold the same educational degree and title suffice to allege

similarly situated comparators at the motion to dismiss stage. *Kirkland-Hudson* at 454 (S.D.N.Y. 2023) (citing *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021) (holding plaintiff plausibly alleged an inference of discrimination when comparators who received preferential treatment were her "team members" and performed "similar job duties" to her)). The plaintiff's and comparator's circumstances must bear a "reasonably close resemblance," but need not be "identical." *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230 (2d Cir. 2014). Moreover, whether two employees are similarly situated ordinarily presents a question of fact for the jury. *Kirkland-Hudson* at 455 (citing *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)); *Dotson v. City of Syracuse*, 763 F. App'x 39, 42 (2d Cir. 2019)). In fact, the named comparators are similarly situated music teachers in the Bryant High School music department, and are sufficiently similar to proceed to discovery on these claims.

In addition, the Complaint alleges that Principal Dwarka announced to all faculty at a conference meeting on or around September 4, 2021, that she had to make a terrible announcement, saying "I'm 50. I'm old". Even if the comment was said in jest, it confirms a schoolwide policy or practice of disparaging older staff members, especially in light of administration hiring predominantly young untenured staff members to the exclusion of older staff candidates (*Complaint* ¶ 86). Defendants are incorrect in their claim that this was just "in jest" and "this is a stray remark unconnected to any purported adverse employment decision." (Def. Mem. at 9). The administration has been the subject of numerous public allegations of mistreatment of older faculty at Bryant in an effort to motivate older staff to retire early. Under the tenure of Principal Dwarka and Principal St. Aubain, there is a public record of pushing older teachers out, while hiring a majority of candidates under 30. Cf. *Tomassi v. Insignia Fin. Group, Inc.*, 478 F.3d 111 (2d Cir. 2007), at **12 (Considering the supervisor's remarks in the context of all the evidence, the instant

16

court found that they were legally sufficient to sustain a reasonable inference that he was motivated by age discrimination in terminating the employee).

Defendants also assert that "where the same actor is responsible for hiring and administering an adverse employment action against a plaintiff, it is "difficult to impute to [the actor] an invidious motivation that would be inconsistent with the decision to hire."" (Def. Mem. at 9). However, first, as noted by Defendants, the same actor inference should not be considered at the motion to dismiss stage. *Buon v. Spindler*, 65 F.4th 64, 85 (2d Cir. 2023); *see also Colandrea v. Hunter-Tannersville Cent. Sch. Dist.*, 2017 U.S. Dist. LEXIS 41551, at *18 (N.D.N.Y. Mar. 22, 2017, No. 1:15-CV-0456 (LEK/ATB)) (finding that the same actor inference should not be considered in relation to the *prima facie* case). Second, "even at the summary judgment stage of litigation, 'the same-actor inference is permissive, not mandatory, and even if the same individuals made both decisions, the Court would not be compelled to give [the defendant] the benefit of the inference.'" *Id.* at *25-26 (citing *Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 319 (E.D.N.Y. 2014)). Moreover, the inference becomes less compelling when the interim period surpasses two years. *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 138 (2d Cir. 2000) (noting that same actor inference remains significant when interim period is under two years but weakens when that period is longer).

Accordingly, Plaintiff has pleaded sufficient facts to support a "minimal inference" that the adverse actions against him were motivated by discriminatory intent that should allow this case to proceed to discovery and possible trial. *See Littlejohn* at 311. Given that Plaintiff pleads a plausible claim of discrimination under the ADEA and the NYSHRL, it follows that he also states a claim for discrimination under the NYCHRL. *See, e.g., Lenart v. Coach Inc.,* 131 F. Supp. 3d 61, 71 (S.D.N.Y. 2015).

**C. Plaintiff Has Stated Valid Disability Discrimination Claims**

    1) *Plaintiff Has Plausibly Alleged He Is Disabled Under The ADA*

Defendants argue that Plaintiff does not plausibly allege that he is disabled (Def. Mem. at 14-15). However, "[c]ourts have held that chronic migraine headaches may constitute a disability under the ADA where a plaintiff establishes that his or her migraines limit one or more major life activities." *Hampson v. State Farm Mut. Auto Ins. Co.*, 2015 U.S. Dist. LEXIS 192061, at *21 (N.D.N.Y. Mar. 26, 2015, No. 1:12-CV-00258 (BKS/CFH)). Here, the Complaint alleges that Plaintiff suffered from a substantial limitation on the major life activity of working. For instance, on June 16, 2023, Plaintiff developed serious migraines that continued through the following week and Plaintiff remained out of school for the following five days (*Complaint* ¶ 141).

    2) *Plaintiff Sufficiently Pled That He Was Discriminated Based On His Disability*

In late November 2020, Plaintiff experienced the worst migraine he ever had lasting eight days. A week later, Plaintiff caught Shingles as a further reaction to the stress endured from repeated harassment and retaliatory action by the Bryant administration (*Complaint* ¶¶ 69-71). On January 25, 2021, Plaintiff wrote to AP Crea Mason, mentioning that the sustained harassment and derogatory treatment directed towards him, and unrelenting abuse, directly provoked his spate of migraines and incidence of Shingles (*Id.* ¶ 73). Plaintiff then received disciplinary letters alleging neglect of duty and insubordination for attendance issues, although other teachers were late in similar circumstances but were not reprimanded (*Id.* ¶ 77). Plaintiff has received disciplinary letters to file, less-than-effective observation reports, and been the subject of a number of investigations. These documents have been issued pervasively and continuously for the past several years.

More tellingly, the Complaint pled that the School Attendance Secretary refused Plaintiff's medical documentation, misreported absences as unauthorized, and charged the absence to Plaintiff's salary (*Complaint* ¶¶ 69-71, 141, 175).

<b><u>POINT III</u></b>

<b>PLAINTIFF HAS PLED PLAUSIBLE RETALIATION CLAIMS</b>

### A. <u>Standard of Law</u>

For a plaintiff to state a claim for retaliation, he must allege that (1) he engaged in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *See Fincher v. Depository Trust & Clearing Corp.,* 604 F.3d 712, 720 (2d Cir. 2010).

To qualify as an adverse employment action for purposes of a retaliation claim, the act must be one "that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway v. White,* 543 U.S. 53 (2006). To provide evidence of a causal connection in a retaliation case, a plaintiff typically shows "that the protected activity was followed closely by discriminatory treatment." *Eubanks v. NY City Dept. of Educ.*, 2021 U.S. Dist. LEXIS 21771, at *46 (S.D.N.Y. Feb. 3, 2021) (citing *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991)).

### B. <u>Plaintiff Has Stated Valid Retaliation Claims</u>

Defendants' assertion that "[m]ost of the "complaints" that Plaintiff made were not complaints of age or disability or any other type of discrimination protected under anti-discrimination laws" (Def. Mem. at 17) is incorrect. Notably, Plaintiff's SDHR and EEOC complaints filed respectively on May 8, 2023 and May 10, 2023, clearly are protected activities.

*See Lovallo v. NY City Dept. of Educ.*, 2024 U.S. Dist. LEXIS 59758, at *42 (S.D.N.Y. Mar. 27, 2024, No. 23-cv-834 (MKV)) ("Plaintiff undisputedly engaged in a protected activity [...] when she filed a charge of [...] discrimination jointly with the SDHR and EEOC").

Here, within a month after Plaintiff's protected activities, Plaintiff was informed a problem code had been attached to his file, even though all the allegations against him had been determined unsubstantiated. Moreover, on May 30, 2023, Principal St. Aubain and AP Crea Mason demoted Plaintiff to substitute status, removed all his music classes, refused Plaintiff access to the music office, music room and piano; barred Plaintiff's access to the Bryant High School drive, music departmental files, and Plaintiff's emails; barred Plaintiff access to printing privileges; and denied Plaintiff access to the personal item, property, and music resources he had been unable to retrieve upon reassignment (*Complaint* ¶¶ 126-127). These retaliatory acts could well dissuade a reasonable employee in Plaintiff's position from complaining of unlawful discrimination. Besides, the temporal proximity of less than a month sufficiently suggests a retaliatory causal connection. *See, e.g., Ibok v. Sec. Indus. Automation Corp.*, 369 F. App'x 210, 213 (2d Cir. 2010). Accordingly, Plaintiff's retaliation claims should not be dismissed.

## POINT IV

**PLAINTIFF HAS PLED PLAUSIBLE HOSTILE WORK ENVIRONMENT CLAIMS**

To prevail on a hostile work environment claim, a plaintiff must show that "the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)). A plaintiff can be found to have alleged a sufficient hostile work environment when he pointed to a conduct that endangered him

or his authority. *See Zoulas v. NY City Dept. of Educ.*, 400 F. Supp.3d 25, 60 (S.D.N.Y. 2019) (citing *Alfano* at 381).

The burden to state a hostile work environment claim under the NYSHRL and NYCHRL is less demanding, requiring only an allegation that the plaintiff "was treated less well than other employees because of his membership in a protected class." *See Cooper v. Franklin Templeton Invs.*, No. 22-2763-cv, 2023 U.S. App. LEXIS 14244, at *6 (2d Cir. June 8, 2023).

Here, the complaint pled specific, concerted, and continuous allegations of harassment based on age and disability. Plaintiff suffered from continuous harassment from his administrators, undermining his teaching practice, failing to address his numerous material resource concerns, as well as his report of students' harassment towards him (*Complaint* ¶¶ 121, 129, 132, 137, 140, 142, 149, 152, 154, 160, 162-163, 166-167, 170). Frequent petty occurrences and social isolation can constitute a hostile work environment. *See Walsh v. Scarsdale Union Free Sch. Dist.*, 375 F. Supp. 3d 467, 491 (S.D.N.Y. 2019). "Improper, unfair, or false discipline can contribute to a hostile work environment" so long as "the disciplinary action was connected to Plaintiff's protected characteristics." *Kirkland-Hudson* at *83. The Complaint also alleges that Plaintiff was treated less well than his younger music departmental colleagues (*Complaint* ¶¶ 39, 59, 66, 77, 87, 110, 127-128, 133, 139, 150, 156, 176).

In addition, while Plaintiff repeatedly reported the escalation of his migraines in response to Bryant administration's harassment and retaliation (*Id.* ¶¶ 73, 130), his administrators continued to publicly humiliate Plaintiff, reprimanded him in the presence of his peers, and denied him material resources, per session and professional development opportunities (*Id.* ¶¶ 74-78, 132-134, 152).

This series of actions taken by Defendants made Plaintiff's employment intolerable to a reasonable teacher. All together, these allegations sufficiently plead a hostile work environment that warrants factual discovery. Accordingly, Plaintiff has pled plausible hostile work environment claims under the ADEA, ADA, the NYSHRL and the NYCHRL.


**POINT V**

**INDIVIDUALLY NAMED DEFENDANTS ARE LIABLE UNDER THE NYSHRL AND THE NYCHRL**

Defendants claim that "Plaintiff cannot show how the individually named Defendants are subject to liability under the SHRL and the CHRL" (Def. Mem. at 21). This is incorrect. "Under . . . the NYSHRL, individual liability exists [] where a defendant actually participate[d] in the conduct giving rise to a discrimination claim." *Jadallah v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 58425, at *19 (E.D.N.Y. Mar. 28, 2024) (citing *Nieblas-Love v. N.Y. City Housing Authority*, 165 F. Supp. 3d 51, 75-76 (S.D.N.Y. 2016)). "In assessing claims of discrimination under the NYSHRL, direct individual liability is 'limited to individuals with ownership interest or supervisors, who themselves[ ] have the authority to hire and fire employees.'" *Id.* (citing *Friederick v. Passfeed, Inc.*, No. 21 Civ. 2066 (RA), 2022 U.S. Dist. LEXIS 60743, 2022 WL 992798, at *9 (S.D.N.Y. Mar. 31, 2022)).

Here, Defendants acknowledged that Defendants Dwarka and Troianos had the authority to hire Plaintiff, when they attempt to use the "same actor inference" doctrine to claim that "it is 'difficult to impute to [the School Principal and Assistant Principals] an invidious motivation that would be inconsistent with the decision to hire." (Def. Mem. at 9). Accordingly, Defendants' assertion that individual Defendants do not have the authority to hire employees in order to avoid liability under the NYSHRL, is erroneous.

In any event, the NYSHRL also makes individuals liable for "aid[ing], abet[ting], incit[ing], compel[ling] or coerc[ing] the doing of a discriminatory act." *Jadallah v. N.Y.C. Dep't of Educ.*, at 19 (*citing Bonaffini v. City Univ. of N.Y.*, No. 20 Civ. 5118, 2021 U.S. Dist. LEXIS 128398, 2021 WL 2895688, at \*2 (E.D.N.Y. July 9, 2021)(citing N.Y. Exec. Law. § 296(6)). "Under this rule, a plaintiff may succeed in a claim under the NYSHRL by showing the employer entity's having encouraged, condoned, or approved the discriminatory conduct of a sole employee - the same discriminatory conduct which then, perhaps circularly, proves individual liability under the aiding and abetting provision." *Id.*

Here, the Complaint pled that Principal Dwarka, Principal St. Aubain, and AP Crea Mason were personally involved in discriminatory and retaliatory actions against Plaintiff.

## POINT VI

**PLAINTIFF HAS PLED A PLAUSIBLE FIRST AMENDMENT RETALIATION CLAIM**

To establish a First Amendment retaliation claim, a public employee must show that he (1) is engaged in protected First Amendment activity, (2) suffered an adverse employment action, and that (3) the protected activity was "at least a substantial or motivating factor in the adverse employment action." *Pekowsky v. Yonkers Bd. of Educ.*, 23 F.Supp. 3d 269, 276 (S.D.N.Y. 2014), citing *Garcia v. Hartford Police Dep't,* 706 F.3d 120, 130 (2d Cir. 2013) (citation omitted).

### A. Plaintiff's Speech was protected

Defendants contend that Plaintiff's speech concerning the "grade fixing" issue is not constitutionally protected (Def. Mem. at 23). This is incorrect. Issues of grade-changing fraud by public officials are considered matters of public concern. *Rivera v. NY City Dept. of Educ.*, 2023 U.S. Dist. LEXIS 18808, at \*29 (E.D.N.Y. Feb. 3, 2023, No. 21-CV-6134 (ENV) (TAM)); *see*

*also Bernheim v. Litt*, 79 F.3d 318, 325 (2d Cir. 1996) (finding that statements regarding principal's misrepresentation of test scores was a matter of public concern).

Defendants next argue that "this speech is not a matter of public concern as it relates to Plaintiff['s] official duties as a teacher [...] and Plaintiff's knowledge of the issue came by virtue of his employment at the school" (Def. Mem. at 22). However, the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech. *Montero v. City of Yonkers*, 890 F.3d 386, 395-96 (2d Cir. 2018) (quoting *Lane v. Franks*, 573 U.S. 228, 134 S. Ct. 2369 (2014)). What matters is not whether the speech was <u>related</u> to the employee's official duties, but rather whether it was <u>pursuant</u> to [his] official duties; if it was, the employee was speaking as an employee, not a citizen. *Id*. at 398.

In fact, Defendants concede that contacting a reporter for the NY Post in June 2022 might arguably be protected under the First Amendment (Def. Mem. at 23). As for Defendants' argument that the article makes no mention of Plaintiff's name (Def. Mem. at 23), Plaintiff could be identified because in at least one of the published versions on June 18, 2022, the article identified the source of the complaint as a music teacher who began working at the school five years prior and had previously complained about plagiarized work, which certainly identifies Plaintiff to administration. The Complaint further alleges that on repeated occasions and regularly in UFT meetings beginning first in Fall 2017, Plaintiff voiced his concerns to faculty regarding administrative pressure for grade fixing, administrative insistence on the acceptance of plagiarized work, for passing failing students indiscriminately, and for passing students who had never attended class (*Complaint* ¶¶ 21-26, 178). As such, Defendants were well aware that Plaintiff raised those concerns.

In response to Defendants' argument that Plaintiff did not allege in his complaint dates he attended union meetings and voiced disagreement about grade fixing, he did in fact attend union meetings beginning in October 17, 2017, and ran for union office protesting such grade fixing in September 2022, and this omission of dates in no way invalidates his claim of engaging in protected union activity and protesting grade fixing and discriminatory grading policies in the school, which are matters of public concern and fail to uphold the ethical standards prescribed for a NYS educator. Cf. *Wieder v. Skala,* 80 N.Y.2d 628 (1992) at \*636; https://www.highered.nysed.gov/tcert/resteachers/codeofethics.html#statement

## B.  <u>Causal Connection Between Plaintiff's Speech and Retaliation by Defendants</u>

On October 6, 2022, Plaintiff was removed from class while teaching students, escorted out of the building and immediately reassigned (*Complaint* ¶ 112). While Defendants claim that his reassignment was "pursuant to an investigation that was initiated prior to his alleged contact with the newspaper" (Def. Mem. at 24), this assertion by Defendant needs to be clarified during discovery and is inappropriate to be raised at the motion to dismiss stage. As for their arguments that "the reassignment happened in October 2022, more than three months after the article was published" (Def. Mem. at 24), the Second Circuit has not established a specific delay between the protected activity and adverse employment action that defeats an inference of causation, and this gap is hardly excessive in the DOE bureaucracy. *Butts v. NY City Dept. of Educ.*, 2018 U.S. Dist. LEXIS 170195, at \*24 (EDNY Sep. 28, 2018, No. 16-CV-5504 (NGG) (RML)).  Besides, excluding the summer months, the gap between Plaintiff's speech and his reassignment actually was only for a month, as soon as the following school year started.  In any case, a causal connection may still be inferred where longer periods of time separate a protected activity and adverse action, if it is plausible that there was no earlier opportunity to retaliate in the manner alleged. *See Warmin*

*v. NY City Dept. of Educ.,* 2019 U.S. Dist. LEXIS 125774, at *23-24 (S.D.N.Y. July 29, 2019)), citing *Grant v. Bethlehem Steel*, 622 F.2d 43, 45-46 (2d Cir. 1980) (holding that plaintiff established causal connection despite an eight-month lapse in time when the defendant was unable to retaliate in the manner alleged any sooner); *see* also *Massaro v. Bd. of Educ.,* No. 18-2980-cv, —F. App'x —, 2019 U.S. App. LEXIS 15325, 2019 WL 2183483, at *4 (2d Cir. May 21, 2019) (summary order) (finding causal connection where a school retaliated against an employee at its earliest opportunity, after summer break had concluded); *Blanco v. Brogan,* 620 F. Supp. 2d 546, 557 (S.D.N.Y. 2009) (collecting cases for proposition that "[t]he Second Circuit and the Courts of this District have found a causal connection" where a defendant retaliated at its first opportunity, even where action was up to 13 months removed [*24]  from the protected activity).  Finally, numerous adverse actions occurred after Plaintiff's protected speech, even if Defendants can establish after discovery that they took an adverse action against discipline before he made his protected speech.

## **CONCLUSION**

For the foregoing reasons, I respectfully request that the Court deny Defendants' motion to dismiss my complaint, order the case to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper.  In the alternative, I respectfully request leave to amend the complaint to provide sufficient facts on which relief can be granted.

Dated: New York, New York
      August 26, 2024

By:     s/ *Michael Eisenberg*_____
           MICHAEL EISENBERG, Plaintiff Pro Se
           23-50 Waters Edge Dr. Apt 6L
           Bayside, NY 11260
           516-395-7644
           mjeisenberg@gmail.com