Docket No. 24 Civ. 01661 (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL EISENBERG,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; NAMITA DWARKA, Deputy Superintendent Queens South & former Principal of William Cullen Bryant High School, in her official and individual capacity; CARLYN ST. AUBAIN, Principal of William Cullen Bryant High School, in her official and individual capacity; ALLISSA CREA MASON, Assistant Principal of Arts, Guidance, PPS & Student Engagement of William Cullen Bryan High School, in her official and individual capacity,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Shemori S. Corinthian*
*Tel:  (212) 4076*
*Matter #:  2024-030432*

Bruce Rosenbaum,
Shemori S. Corinthian,
  Of Counsel.

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT .......................................................................................................... 5

POINT I ............................................................................................ 5

PLAINTIFF'S CLAIMS ARE PARTIALLY TIME-
BARRED AND PLAINTIFF HAS FAILED TO
COMPLY WITH NOTICE OF CLAIM
REQUIREMENTS............................................................................ 5

A. Plaintiff's Claims Are Partially Time-Barred.................................... 5

B. Plaintiff's SHRL And CHRL Claims Against
the DOE And Defendant Dwarka Must Be
Dismissed In Part For Failure To Timely
Comply With Applicable Notice of Claim
Provision ................................................................................ 6

POINT II ........................................................................................... 7

PLAINTIFF FAILS TO PLEAD ANY
PLAUSIBLE CLAIMS UNDER THE ADEA ADA,
SHRL OR CHRL ............................................................................. 7

A. ADEA Discrimination And Age Discrimination
Under The SHRL And CHRL ............................................................ 7

B. ADA Discrimination And Disability
Discrimination Under The SHRL And CHRL ................................. 12

C. Plaintiff Fails To Plausible Allege Retaliation
Claims Under The ADEA, ADA, SHRL And
CHRL............................................................................................... 16

D. Plaintiff Fails to Plausibly Allege Hostile Work
Environment Claims Under The ADEA, ADA,
SHRL And CHRL............................................................................. 18

POINT III ............................................................................................................ 21

PLAINTIFF FAILS TO STATE A PLAUSIBLE
FIRST AMENDMENT RETALIATION CLAIM ................................... 21

CONCLUSION ................................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

14 St. Med., P.C. v Khan,
    81 Misc. 3d 1203[A], 2023 NY Slip Op 51219[U] (Sup. Ct., NY Cnty. 2023) ......................18

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002)..............................................................................................19

Amorosi v. South Colonie Ind. Cent. Sch. Dist.,
    9 N.Y.3d 367 (2007) ..........................................................................................................6

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).........................................................................................................24

Back v. Hastings on Hudson Union Free Sch. Dist.,
    365 F.3d 107 (2d Cir. 2004) (criteria for personal involvement under § 1983) ......................24

Bernheim v. NY City Dept. of Educ.,
    No. 19-CV-9723 (VEC) (JLC), 2021 U.S. Dist. LEXIS 118948 (S.D.N.Y.
    June 25, 2021).................................................................................................................17

Boonmalert v. City of NY,
    721 F. App'x 29 (2d Cir. 2018) ........................................................................................19

Buon v. Spindler,
    65 F.4th 64 (2d Cir 2023) ..................................................................................................9

Casiano v. City of NY,
    2020 NY Slip Op 31480[U] (Sup. Ct., NY Cnty 2020).....................................................11, 12

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) ..............................................................................................2

Chin v. NYCHA,
    106 A.D.3d 443 (1st Dep't 2013), appeal denied, 22 N.Y.3d 861 (2014)..............................20

City of Los Angeles v. Heller,
    475 U.S. 796 (1986)........................................................................................................25

Conte v. Bergeson,
    No. 17-3233, 2019 U.S. App. LEXIS 7322 (2d Cir. Mar. 13, 2019)................................21, 22

Darcy v. Lippman,
    356 F. App'x 434 (2d Cir 2009) ..................................................................................14, 15

Davidson v. Bronx Municipal Hospital,
    64 N.Y.2d 59 (1984) ......................................................................................................7

Desrosiers v. Summit Sec. Servs.,
    No. 21-CV-10941 (JPO), 2022 US Dist. LEXIS 192512 (S.D.N.Y Oct. 21,
    2022) ..............................................................................................................................8, 16

Doe v. Bloomberg L.P.,
    36 N.Y.3d 450 (2021) ....................................................................................................21

EEOC v. Bloomberg L.P.,
    967 F. Supp. 2d 816 (S.D.N.Y. 2013).............................................................................20

Etienne v. MTA NY City Tr. Auth.,
    223 A.D.3d 612 (1st Dep't 2024) ..................................................................................16

Garcetti v. Ceballos,
    547 U.S. 410 (2006).......................................................................................................22

Gittens-Bridges v. City of NY,
    No. 22-810, 2023 U.S. App. LEXIS 33872 (2d Cir. Dec. 21, 2023)........................................9

Golston-Green v. City of N.Y.,
    184 A.D.3d 24 (2d Dep't 2020) ....................................................................................20

Grady v. Aff. Cent., Inc.,
    130 F.3d 553 (2d Cir. 1997)............................................................................................9

Gross v. FBL Fin. Servs.,
    557 U.S. 167 (2009)........................................................................................................7

Harvin v. Manhattan & Bronx Surface Tr. Operating Auth.,
    767 F App'x 123 (2d Cir. 2019) ....................................................................................19

Horwitz v. L. & J.G. Stickley,
    20 Fed. App'x 76 (2d Cir. 2001).....................................................................................14

Ibela v. Allied Universal,
    No. 21-1995-cv, 2022 U.S. App. LEXIS 12155 (2d Cir. May 5, 2022)...................................14

Kwong v. City of N.Y.,
    204 A.D.3d 442 (1st Dep't 2022), appeal dismissed, 38 N.Y.3d 1174 (2022)........................21

Lewkowicz v. Terence Cardinal Cook Health Ctr.,
    212 A.D.3d 443 (1st Dep't 2023), lv. to appeal denied, 39 N.Y.3d 914 (2023).....................20

Littlejohn v. City of N.Y.,
    795 F.3d 297 (2d Cir. 2015)............................................................................................17

Lombardo v. Graham,
807 F. App'x 120 (2d Cir. 2020) ................................................................................24

Marcus v. Leviton Mfg. Co.,
661 F App'x 29 (2d Cir. 2016) ...............................................................................7, 8

Marcus v. Leviton Mfg. Co.,
661 Fed. Appx. 29 (2d. Cir. 2016).............................................................................7

Massaro v. Department of Educ. of the City of N.Y.,
121 A.D.3d 569 (1st Dep't 2014) ............................................................................20

McBride v. BIC Consumer Prods. Mfg. Co.,
583 F.3d 92 (2d Cir. 2009).......................................................................................13

McDonnell Douglas Corporation v. Green,
411 U.S. 792 (1973)..................................................................................................13

Melman v. Montefiore Med. Ctr.,
98 AD3d 107 (1st Dept 2012)...................................................................................12

Morey v. Windsong Radiology Grp., P.C.,
794 Fed. Appx. 30 (2d Cir. 2019).............................................................................13

Morris v. Lindau,
196 F3d 102 (2d Cir. 1999)................................................................................23, 24

Morrison v. New York City Police Dep't,
214 A.D.2d 394 (1st Dep't 1995) ..................................................................... passim

Murray v. LeRoy Central School District,
67 N.Y.2d 775 (1986) ................................................................................................6

O'Connor v. Huntington U.F.S.D.,
No 11-CV-1275 (JFB)(ARL), 2014 U.S. Dist. LEXIS 39596 (E.D.N.Y. Mar.
24, 2014) ...................................................................................................................23

Owens v. City of NY Dept. of Educ.,
No. 21-2875, 2022 U.S. App. LEXIS 35393 (2d Cir. Dec. 22, 2022)......................13

Ramsaroop v. Dept. of Educ. of NY,
No. 20-cv-4947 (ER), 2023 US Dist LEXIS 186 (S.D.N.Y Jan. 2, 2023) ...............22

Ross v. Breslin,
693 F.3d 300 (2d Cir. 2012)......................................................................................22

Shara v. Maine-Endwell Cent. Sch. Dist.,
46 F.4th 77 (2d Cir. 2022) ..................................................................................21, 22

Silva-Markus v. Rodriguez-Gonzalez,
 19 Civ. 4335 (PGG) (SLC), 2022 US Dist. LEXIS 43524 (S.D.N.Y Mar. 10, 2022) ........................................................................................................................17

Sosa v. NY City Dept. of Educ.,
 368 F. Supp 3d 489 (E.D.N.Y 2018) ................................................................8, 9

Verne v. NY City Dept.,
 21 Civ. 5427 (JPC), 2022 US Dist. LEXIS 180135 (S.D.N.Y Sep. 30, 2022) ........................17

Vora v. NY City Dept. of Educ.,
 2024 U.S. Dist. LEXIS 47446 (S.D.N.Y. Mar. 14, 2024) .......................................................6

Ward v. City of N.Y.,
 777 F. App'x 540 (2d Cir. 2019) (§ 1983)..................................................................5

Weeks v. New York State,
 273 F.3d 76 (2d Cir. 2001)..........................................................................................10

Weintraub v. Board of Educ.,
 593 F.3d 196 (2d Cir. 2010)........................................................................................22

Whitfield-Ortiz v. Dept. of Educ. of the City of NY,
 116 A.D.3d 580 (1st Dep't 2014) ...............................................................................11

Williams v. City of NY,
 2023 NY Slip Op 32816[U] (Sup. Ct., NY Cnty. 2023)............................................11

Williams v. MTA Bus Co.,
 44 F.4th 115 (2d Cir. 2022) ........................................................................................13

Williams v. New York City Housing Auth.,
 61 A.D.3d 62 (1st Dep't 2009) ...................................................................................20

Woolf v. Strada,
 949 F.3d 89 (2d Cir. 2020)..........................................................................................15

Wright v. City of Syracuse,
 611 F. App'x 8 (2d Cir. 2015) .....................................................................................25

**Statutes**

29 U.S.C. § 626(d)(1)(B) ....................................................................................................5

42 U.S.C. § 1983..................................................................................................... *passim*

42 U.S.C. § 12117(a) ...........................................................................................................5

Age Discrimination in Employment Act of 1967 29 U.S.C. §§ 621 *et seq.*..................................1

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ..........................................1

N.Y.C. Admin Code 8-107(1)(a)(3) .......................................................................10

N.Y.C. Admin Code §§ 8-101, *et seq.* .................................................................1

N.Y.C. Admin Code § 8-502(d).............................................................. *passim*

N.Y. Education Law § 3813 ...........................................................................2, 6, 7

New York Executive Law § 296(1)(a)....................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b) ............................................................................................2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
MICHAEL EISENBERG,

                                                    Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
NAMITA DWARKA, Deputy Superintendent Queens
South & former Principal of William Cullen Bryant High
School, in her official and individual capacity; CARLYN
ST. AUBAIN, Principal of William Cullen Bryant High
School, in her official and individual capacity; ALLISSA
CREA MASON, Assistant Principal of Arts, Guidance,
PPS & Student Engagement of William Cullen Bryan
High School, in her official and individual capacity,

                                                    Defendants.
------------------------------------------------------------------------ x

24 Civ. 01661 (VMS)

## MEMORANDUM IN LAW IS SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff, a fifty-seven year old tenured music teacher employed by the Defendant New York City Department of Education ("DOE"), commenced this action alleging that he was discriminated and retaliated against and subjected to a hostile work environment because of his age and alleged migraine disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. §§ 621 *et seq.*, the New York State Human Rights Law, Executive Law §§ 290, *et seq.* ("SHRL"), and the New York City Human Rights Law, Administrative Code §§ 8-101, *et seq.* ("CHRL").  Further, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that he was retaliated against by being reassigned in 2022 after allegedly speaking with a NY Post Reporter in June 2022  about student grading issues at his school.

As set forth more fully below, Defendants move, pursuant to Fed. R. Civ. P. 12(b), to dismiss the Complaint on the grounds that: (1) Plaintiff's claims under the ADA and ADEA, are partially time-barred, and the Complaint otherwise fails to state plausible claims for discrimination, retaliation, and hostile work environment under these statutes; (2) Plaintiff fails to state a plausible claim under 42 U.S.C. § 1983 for 1st Amendment retaliation; (3) Plaintiff failed to comply with applicable notice of claim requirements under Education Law § 3813; and (4) Plaintiff's claims under the SHRL and the CHRL are partially time-barred, and the allegations set forth in the Complaint otherwise fail to state a cause of action for discrimination, retaliation, and hostile work environment under these statutes.

## STATEMENT OF FACTS[1]

Plaintiff is a fifty-seven year old tenured music teacher and has been employed by the DOE since September 2011. See ECF Dkt. 1, ¶ 12. On September 8, 2017, Plaintiff was hired at William Cullen Bryant High School ("Bryant" or "school" ) by then Principal Namita Dwarka and Assistant Principal (AP) Maria Troianos when he was fifty years old. Id. at ¶ 14. Plaintiff alleges that he is susceptible to migraine headaches and that he informed Bryant Administration about his condition in 2017. Id. at ¶¶ 7, 15. Plaintiff alleges that he periodically experienced

---

[1] This statement of facts is derived from the allegations in the Complaint (ECF Dkt. No.1) and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only. Defendants also rely on the exhibits annexed to the Declaration of Assistant Corporation Counsel Shemori S. Corinthian, executed on June 24, 2024 ("Corinthian Decl."). These documents are incorporated by reference as Plaintiff specifically mentions them and their purported contents in his Complaint and is, in any event, unquestionably integral to the Complaint. This Court may consider these exhibits in reviewing this motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (on a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.")

migraine headaches in 2020, took medication for the condition and when the condition worsened in June 2023, he took off five days from work. Id. at ¶¶ 69, 70, 141.

At the beginning of Plaintiff's tenure, Namita Dwarka was the principal at Bryant. Id. at ¶ 9. At the start of the 2022-2023 school year, Carlyn St. Aubain was appointed as the new principal at Bryant. Id. at ¶ 10. Plaintiff alleges that, on or about November 9, 2017, AP Henry Huezo asked him to provide report card grades for student from the prior school semester, although Plaintiff never taught those students and was not a part of Bryant's teaching staff during that period. Id. at ¶ 21. Plaintiff alleges that he declined to provide the requested grades for students he had not taught for the semester he was not assigned to Spanish. Id. at ¶ 22. Plaintiff claims that Defendants "[s]hortly after, Defendants began retaliating against Plaintiff with poor ratings and denial of per session." Id. at ¶¶ 23, 24.

Plaintiff alleges that he is a union member. Id. at ¶ 1. Plaintiff alleges that, at unspecified times, he would attend union meetings and voice his concerns to other faculty members regarding Bryant Administration management style, being particularly critical about alleged "administrative pressure" that faculty engage in what Plaintiff characterizes as "grade fixing," "plagiarized work," and "for passing failing students discriminately." Id. at ¶ 178. Plaintiff alleges that, throughout the course of his employment, he filed numerous personal grievances about disciplinary letters issued to him, being denied per session work opportunities, being denied requests for a sabbatical, the failure to remove a "problem code" from Plaintiff's personnel file, the failure to pay moneys owed, the denial of a request to take a professional development music pedagogy course. Id. at ¶¶ 57, 87, 89, 97, 113, 120, 134, 145, 146, 156, 159, 180. Plaintiff further alleges that, on June 14, 2022, he contacted Susan Edelman, a New York Post reporter, and "provided documentation of administrative pressure" by Bryant administration

3

to fix grades, to pass plagiarized work" at Bryant. Id. at ¶ 180. Plaintiff alleges that, on June 20, 2022, the New York Post ran an article focusing on Plaintiff, outlining the longstanding "grade fixing" practice. Id. Plaintiff alleges that, as a result of the article, "Plaintiff was falsely accused [of what Plaintiff does not state] and reassigned away from the school." Id. at ¶ 181.

On October 6, 2022, Plaintiff was administratively reassigned from his duties as a teacher pursuant to an investigation commenced in April 2022 by the New York City Special Commissioner ("SCI"). See  SCI Reassignment Letter and Complaint Referral, annexed to the Corinthian Decl. as Exhibit 1. On May 30, 2023, Plaintiff was permitted to return to teaching at Bryant following the completion of the investigation, which determined that the allegations against Plaintiff were unsubstantiated. See ECF Dkt. 1, ¶ 126.

Plaintiff alleges that throughout his tenure, Bryant Administration treated him less well on unspecified occasions than unidentified, allegedly similarly situated younger and non-disabled teachers. See ECF Dkt.1, ¶ 199. Plaintiff alleges that he subjected to unwarranted misconduct investigations, received disciplinary letters to file, and denied per-sessions opportunities, while unidentified younger and non-disabled teachers were not. Id. at ¶¶ 87, 110, 156, 185, 199.

On December 16, 2022, Plaintiff served a notice of claim on Defendant DOE. See Notice of Claim, annexed to the Corinthian Decl. as Exhibit 2. On May 8, 2023, Plaintiff filed a discrimination complaint with the New York State Division on Human Rights ("SDHR"). See Exhibit A. On May 10, 2023, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination. See  Exhibit B. On December 6, 2023, the EEOC issued a right to sue letter. See  Exhibit C. Thereafter, Plaintiff commenced this instant action on March 6, 2024. See ECF Dkt.1.

4

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE PARTIALLY TIME-BARRED AND PLAINTIFF HAS FAILED TO COMPLY WITH NOTICE OF CLAIM REQUIREMENTS

**A.      Plaintiff's Claims Are Partially Time-Barred**

An ADA or ADEA plaintiff must file an EEOC charge within 300 days of the allegedly unlawful employment practice.  See 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)(1)(B). Plaintiff filed his EEOC charge on May 10, 2023.  See ECF Dkt. No. 1, at 42.  Thus, any ADA/ADEA claims accruing prior to July 14, 2022 (300 days before May 10, 2023) are time-barred.  This bar includes Plaintiff's claims that are predicated on alleged unlawful conduct that occurred during  the 2017-2018, 2018-2019, 2019-2020, and 2021-2022 school years.

Moreover, Plaintiff's claims under 42 U.S.C. § 1983, and under the SHRL and CHRL (for individual defendants other than Deputy Superintendent Dwarka) have a statute of limitations of three years.  See Ward v. City of N.Y., 777 F. App'x 540, 542 (2d Cir. 2019) (§ 1983); see also Morrison v. New York City Police Dep't, 214 A.D.2d 394 (1st Dep't 1995) (SHRL); N.Y.C. Admin Code § 8-502(d) (CHRL).  Thus, Plaintiff's § 1983, SHRL and CHRL claims accruing prior to March 5, 2021 (three years before Plaintiff tried to commence this action, see ECF Dkt. No. 1) are time-barred.  Therefore, Plaintiff's SHRL and CHRL claims against the individually named Defendants (other than Deputy Superintendent Dwarka) are time-barred to the extent they are based on any alleged discriminatory or retaliatory acts occurring before March 5, 2021.

Plaintiff's SHRL and CHRL claims against the DOE and against Deputy Superintendent Dwarka that allegedly accrued prior to March 5, 2023 are time-barred by the statute

of limitations set forth under the Education Law § 3813(2-b). See Amorosi v. South Colonie Ind. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007) (holding that the one-year statute of limitations prescribed in Education Law § 3813(2-b) governs discrimination claims against a school district or a school officer.).  School District Superintendents have been held to be "school officers" under Education Law § 3813(1) and therefore are subject to the one-year statute of limitations set forth in Education Law § 3813(2-b).  See Vora v. NY City Dept. of Educ., 2024 U.S. Dist. LEXIS 47446, at *1 (S.D.N.Y. Mar. 14, 2024).

Accordingly, to the extent that Plaintiff's state law claims against the DOE and Deputy Superintendent arise out of any alleged conduct that occurred prior to March 5, 2023, the claims are time-barred and must be dismissed.  Amorosi, 9 N.Y.3d 367 at 373.  This bar includes any alleged unlawful conduct that accrued during the 2017-2018, 2018-2019, 2019-2020, 2020-2021, and 2021-2022 school years.

**B.     Plaintiff's SHRL And CHRL Claims Against the DOE And Defendant Dwarka Must Be Dismissed In Part For Failure To Timely Comply With Applicable Notice of Claim Provision**

Pursuant to New York Education Law § 3813(1), a notice of claim must be filed "within three months after the accrual of [a] claim" before an action may be brought against the DOE or its employees, including school officers.  N.Y. Educ. Law § 3813(1).  Notice of claim requirements are strictly construed by New York state courts, and failure to comply with the requirements ordinarily mandates a dismissal of a claim.  See Murray v. LeRoy Central School District, 67 N.Y.2d 775, 775 (1986); Davidson v. Bronx Municipal Hospital, 64 N.Y.2d 59, 62 (1984).

Here, Plaintiff did not serve a notice of claim until December 16, 2022.  See Exhibit 2.  Since Plaintiff failed to file a timely notice of claim under Education Law § 3813 with respect to these claims, he also failed to satisfy a necessary condition precedent to suing the DOE.

6

Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62 (1984). Accordingly, to the extent that Plaintiff's SHRL and CHRL claims against the DOE and Dwarka arise out of any alleged conduct that first accrued more than three months prior to when the notice of claim was filed, i.e., prior to September 16, 2022, those claims must be dismissed for failure to timely comply with applicable notice of claim requirements.

## POINT II

### PLAINTIFF FAILS TO PLEAD ANY PLAUSIBLE CLAIMS UNDER THE ADEA ADA, SHRL OR CHRL

**A.     ADEA Discrimination And Age Discrimination Under The SHRL And CHRL**

To plead a prima facie case of intentional discrimination under the ADEA, a plaintiff must demonstrate that: (1) he was within the protected age group, (2) he was qualified for the position, (3) he experienced an actionable adverse employment action, and (4) such action occurred under circumstances giving rise to an inference of discrimination. See Marcus v. Leviton Mfg. Co., 661 Fed. Appx. 29, 32 (2d. Cir. 2016); Gross v. FBL Fin. Servs., 557 U.S. 167, 176 (2009) (age discrimination claims must show a but-for causal relationship between the adverse employment action and the Plaintiff's age). At the initial pleading stage, an ADEA plaintiff need not plead every element of a prima facie case, but the Complaint must plausibly allege that an adverse action would not have occurred "but-for" plaintiff's age by asserting facts to support a minimal inference of discriminatory animus. See Marcus v. Leviton Mfg. Co., 661 F App'x 29, 32 (2d Cir. 2016) (a skeletal pleading that provides no more than "naked assertions devoid of further factual enhancement" and does not allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged" is insufficient). Id. at 32 (quoting Ashcroft v. Iqbal, 556 US 662, 678 (internal citations omitted)).

7

Although a plaintiff may raise an inference of discrimination by alleging that he was treated less favorably than an employee outside of his protected age group, such allegations must demonstrate that the plaintiff was similarly situated in all material respects to individuals with who he seeks to compare himself , such that a court could reasonably conclude that the difference in treatment was attributable to age-based discrimination. See Desrosiers v. Summit Sec. Servs., No. 21-CV-10941 (JPO), 2022 US Dist. LEXIS 192512, at *7 (S.D.N.Y Oct. 21, 2022); Sosa v. NY City Dept. of Educ., 368 F. Supp 3d 489, 500 (E.D.N.Y 2018) ("at the pleading stage, it is insufficient for a plaintiff to make naked assertions of disparate treatment without factual allegations indicating those employees treated differently were similarly situated.").

Here, Plaintiff's ADEA discrimination claim fails because the Complaint does not plausibly allege that Plaintiff was subject to any adverse employment action occurring under circumstances which give rise to even a minimal inference of discrimination. See Marcus, 661 F. App'x 29 at 32. Plaintiff makes the conclusory allegation that he was subjected to unwarranted investigations, given disciplinary letters to file, received less-than effective classroom observation ratings, and denied per-sessions opportunities, while younger music teachers were not. See ECF Dkt. No. 1, ¶ 185. However, the Complaint does not plausibly allege that Plaintiff was treated less favorably than similarly situated music teachers outside of his protected age group. The Complaint merely sets forth the age of some of the younger music teacher comparators without asserting facts about their relative qualifications, their conduct in the workplace, or any information about the nature of their disciplinary records. Without more specific factual allegations, Plaintiff fails to plausibly allege that he was similarly situated to the younger music teachers in any material respect. Accordingly, Plaintiff fails to plausibly allege that the difference in treatment between

8

him and his younger colleagues occurred under circumstances give rise to an inference of discrimination.  See Sosa, 368 F. Supp. 3d 489 at 500.

In addition, the comment in September 2021, which Plaintiff attributes to defendant Dwarka, "I'm 50, I'm old," see ECF Dkt. No. 1 at ¶ 86,  which appears to have been spoken in jest to the entire Bryant staff, does not support even a minimal inference that any of the actions about which Plaintiff complains while employed at Bryant were taken because of age-based animus.  At worst, it was a stray remark unconnected to any purported adverse employment decision, which is insufficient to demonstrate an intent to discriminate on the basis of age.  See Gittens-Bridges v. City of NY, No. 22-810, 2023 U.S. App. LEXIS 33872, at *5 (2d Cir. Dec. 21, 2023).  Finally, Plaintiff admits that he was hired by defendants Dwarka and Troianos in 2017 when he was already 51 years old.  See ECF Dkt. No. 1, ¶ 14.  Defendants respectfully submit that where the same actor is responsible for hiring and administering an adverse employment action against a plaintiff, it is "difficult to impute to [the actor] an invidious motivation that would be inconsistent with the decision to hire."  Grady v. Aff. Cent., Inc., 130 F.3d 553, 560 (2d Cir. 1997).  Although the Second Circuit has recently cautioned the "same actor inference" "should not be used to foreclose Title VII and Section 1983 claims at the motion-to-dismiss stage if the plaintiff has otherwise set forth allegations that support a plausible inference of discrimination," see Buon v. Spindler, 65 F.4th 64, 85 (2d Cir 2023), Defendants respectfully submit that the Complaint in this action does not set forth allegations that support even a minimal plausible inference of discrimination for the reasons set forth above which would permit the same actor inference to be used here.

Moreover, the vast majority of the complained-of conduct is either time-barred or fails to rise to the level of adverse employment actions or occurred under circumstances plausibly pleading that Plaintiff's age was the but-for cause for the act.  For purposes of a discrimination

9

claim, an adverse employment action is defined as a "materially adverse change in the terms and conditions of employment," such as a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities. See Weeks v. New York State, 273 F.3d 76, 85 (2d Cir. 2001) (citations omitted). Negative evaluations and letters to file which are not alleged to have been accompanied by an adverse result such as demotion, diminution of wages, or other tangible loss do not rise to the level of an adverse employment action. See id. Here, Plaintiff does not allege that the investigations, less than-effective observations and disciplinary letters to file lead to any material change in the terms of his employment, as such, these actions do not constitute adverse employment actions.[2] As Plaintiff fails to plausibly allege an actionable ADEA claim, and the claim must be dismissed.

Under both the SHRL and the CHRL, it is an unlawful discriminatory practice for an employer to discriminate against an employee "in compensation or in terms, conditions or privileges of employment" based on his age. See New York Executive Law § 296(1)(a); NYC Administrative Code 8-107(1)(a)(3). To make out an age discrimination claim under either the SHRL or CHRL, Plaintiff must plausibly plead that he was treated differently in a way that disadvantaged him in the workplace, and that the employer's adverse action or differential treatment occurred under circumstances giving rise to an inference of age discrimination. See

---

[2] Defendants concede that Plaintiff's allegation that he was denied per session opportunities could constitute adverse actions. However, most of these alleged denials are untimely. Plaintiff also fails to plausibly allege that any such denial occurred under circumstances giving rise to an inference of age-based discrimination or that his age was the "but-for" cause of the denial. Rather, Plaintiff alleges that the 2017 denial of per session opportunities was a result of his failure to follow a "grade fixing" directive and not because of his age. See ECF Dkt.1, ¶¶1, 22, 23. The other denials are alleged in conclusory fashion to have occurred while younger music teachers were not. Id. at ¶¶ 66, 87, 110, 156.

10

Williams v. City of NY, 2023 NY Slip Op 32816[U], *4-5 (Sup. Ct., NY Cnty. 2023).   An inference of discrimination can arise from circumstances including, but not limited to, the employer making invidious comments about others in the plaintiff's protected class or providing more favorable treatment of similarly situated  employees outside of  plaintiff's protected class. See Whitfield-Ortiz v. Dept. of Educ. of the City of NY, 116 A.D.3d 580, 581 (1st Dep't 2014) (affirming the granting of motion to dismiss because "Plaintiff . . . failed to adequately plead discriminatory animus. . . Nor does [the complaint] contain any factual allegations demonstrating that similarly situated individuals who did not share [P]laintiff's characteristics were treated more favorably than [him])."   Allegations regarding similarly situated employees outside of the plaintiff's protected class must include details regarding the purported comparators' responsibilities, positions, and conduct such that a court could reasonably infer that  the difference in treatment gives rise to an inference of discrimination.  See Casiano v. City of NY, 2020 NY Slip Op 31480[U], *4 (Sup. Ct., NY Cnty 2020).

Here, the Complaint consists of bare, conclusory allegations which are insufficient to state a cause of action for discrimination under either the SHRL or the CHRL.  Plaintiff merely alleges that, unlike his younger colleagues, he received less-than effective classroom observation rating, denied per session opportunities, received numerous disciplinary letters to file, and was the subject of several investigations.  See ECF Dkt. No. 1, ¶¶ 194, 199.  However, Plaintiff fails to sufficiently allege that any adverse employment action or disadvantaged treatment occurred under circumstances giving rise to an inference of age-based discrimination.

As an initial matter, as noted supra in connection with the ADEA claims, Plaintiff repeatedly alleges that the denial of per session opportunities, occurred because of his failure to follow an alleged "grade fixing" directive. See ECF Dkt. No. 1 ¶¶ 22, 23.  Accordingly, Plaintiff's

11

proffered non-discriminatory reason for this adverse action, undermines his contention that the denials occurred because of his age.  Moreover, Plaintiff allegation's that Principal Dwarka announced that she was  50 years old and call herself old, without more, does not demonstrate an inference of discrimination.  Melman v. Montefiore Med. Ctr., 98 AD3d 107, 111 (1st Dept 2012) ("Stray remarks, even if made by a decision maker, do not, without more, constitute evidence of discrimination.").  Indeed, Principal Dwarka made a one-off personal statement that did not concern any employment decision taken against Plaintiff or any other older or tenured teacher.

Nor does the Complaint adequately allege that teachers outside of Plaintiff's protected age group were treated more favorably than Plaintiff.  Rather, Plaintiff merely sets forth the age and position of his putative comparators without providing information about: (1) their relative qualifications, (2) the quality of their teaching instruction, and (3) whether they engaged in conduct that would have warranted letters to file or trigged any investigation and whether they failed to receive those consequences.  As such, Plaintiff fails to allege that he and other teachers outside of his protected age group were similarly situated in any  respect.  Without more, the allegations set forth in the Complaint are not sufficient to raise an inference of age discrimination. See Casiano, 2020 NY Slip Op 31480[U] at *4.  Accordingly, Plaintiff's age discrimination claims fail and must be dismissed.

**B.      ADA Discrimination And Disability Discrimination Under The SHRL And CHRL**

To establish a prima facie case of discrimination under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.  See Owens v. City of NY Dept. of Educ., No. 21-2875, 2022 U.S. App. LEXIS 35393, at *2-3 (2d Cir. Dec. 22, 2022).  The same elements are

required for Plaintiff's SHRL and the CHRL claims, except that the standard under the CHRL is "broader" and "the NYCHRL directs that the plaintiff's qualification for the position is not an element of a prima facie case." Williams v. MTA Bus Co., 44 F.4th 115, 137 (2d Cir. 2022). Claims of disparate treatment discrimination under the ADA operate under the same burden-shifting framework established by the Supreme Court in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). See Morey v. Windsong Radiology Grp., P.C., 794 Fed. Appx. 30, 32 (2d Cir. 2019); McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009).

Plaintiff's ADA claim fails because he does not plausibly allege that he is disabled within the meaning of the statute, he was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and that he suffered an adverse employment action because of his disability. Moreover, as explained above in subpoint A, even if Plaintiff plausibly pleaded that he is "disabled" within the meaning of the ADA, he does not, Plaintiff fails plausibly allege that any of the actions about which he complains were causally connected to his "disability" and fails to plausibly plead facts to support a minimal inference of disability based discriminatory animus.

Here, Plaintiff fails to plausibly allege that he is a "disabled individual" within the meaning of the ADA. In the Complaint, Plaintiff alleges in conclusory fashion that he is disabled. See ECF Dkt., ¶ 189. Assuming that Plaintiff is claiming that his periodic migraine headaches constitute his alleged "disability," Plaintiff fails to plausibly plead that his medical condition "substantially limits" Plaintiff in one or more "major life activities."

First, a diagnosis alone is insufficient to establish disability under the statute. See Ibela v. Allied Universal, No. 21-1995-cv, 2022 U.S. App. LEXIS 12155, at *4 (2d Cir. May 5, 2022) (citing Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198 (2002) ("It is

insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical diagnosis of an impairment.") (overturned on other grounds by ADA Amendments Act of 2008.)).  See also Patel, 2021 U.S. App. LEXIS 31275, at *6 (plaintiff's allegations that he had a variety of medical conditions, including ear, eye, dental, knee, shoulder, back, and sciatica problems, were insufficient to support an inference of disability).  However, none of the allegations in the Complaint evince a substantially limiting impairment within the meaning of the ADA.  See Horwitz v. L. & J.G. Stickley, 20 Fed. App'x 76, 81 (2d Cir. 2001) ("The mere fact of hospitalization, even coupled with continuing recovery or treatment, does not rise to the level of a substantially limiting condition for purposes of the Americans with Disabilities Act).

Moreover, it is well settled that a disability substantially limits the major life activity of work only where the disability precludes the plaintiff from performing a broad range of jobs.  See Darcy v. Lippman, 356 F. App'x 434, 437 (2d Cir 2009) (rejecting claim that plaintiff was "disabled" because of the stress and deleterious health effects of commuting to the office).  Here, Plaintiff makes no such allegation.  Indeed, Plaintiff's Complaint is devoid of even a single allegation that that medical treatment he was receiving or the alleged stress because of his interactions with his supervisor, affected his ability to perform a broad range of jobs.  Rather, Plaintiff speculates that migraine attacks he suffered in 2020 resulted from "escalating tension [on the job] that manifested in November and December of 2020" and again in 2023.  See ECF Dkt. No. 1 ¶¶ 69, 70, 130, 141, 151.

Further, Plaintiff never alleges that he suffered from illnesses that significantly restricted his ability to work at a broad range of jobs, much less that he was unable to do so.  Plaintiff's allegation that he was subjected to stress is insufficient to establish that his purported impairment substantially limited his ability to work.  Darcy, 356 F. App'x at 437 (2d Cir. 2009)

14

(rejecting claim that plaintiff was "disabled" because his alleged stress and deleterious health effects of commuting to the office did not significantly restrict his ability to commute to work); Woolf v. Strada, 949 F.3d 89, 94 (2d Cir. 2020) ("because Woolf does not attempt to show that his work-induced impairment substantially limited his ability to work in a class or broad range of jobs, no reasonable factfinder could conclude that Woolf has a 'disability' within the meaning of the ADA"). Plaintiff does not allege that the migraines limited his ability to work generally. Rather, Plaintiff merely alleges that he intermittently suffered from migraine headaches he experienced while assigned to Bryant H.S., took medication and was absent from work for five days in June 2023, when the migraines temporarily worsened. See ECF Dkt. No. 1, ¶¶ 69, 70, 141. However, none of these allegations plausibly allege that Plaintiff has a substantially limiting impairment with the meaning of the ADA. See Woolf v. Strada, 949 F.3d at 93. Accordingly, for these reasons, Plaintiff's Complaint fails to plausibly allege that Plaintiff was an "individual with a disability" within the meaning of the ADA and his ADA claims must therefore be dismissed.

Even if Plaintiff had plausibly alleged that he was "disabled" within the meaning of the ADA, he nonetheless fails to plausibly allege that he was subjected to an adverse employment action because of the disability. As explained above in subpoint A, the Complaint is devoid of any facts plausibly alleging that any of the complained-of conduct occurred under circumstances giving rise to an inference of discrimination. Rather, Plaintiff merely sets forth conclusory allegations that he was treated differently from non-disabled colleagues, without identifying any of those colleagues or providing any underlying supporting factual allegations about the comparators. Such a failure is fatal to Plaintiff's discrimination claims. See Desrosiers v. Summit Sec. Servs., No. 21-CV-10941 (JPO), 2022 US Dist. LEXIS 192512, at *7 (S.D.N.Y Oct. 21, 2022)( At the pleading stage, a complaint must identify the similarly situated employees with

15

some specificity when relying on disparate treatment evidence to establish an inference that discrimination).  Accordingly, Plaintiff fails to plausibly allege an actionable ADA claim, and the claim must be dismissed.

For the purpose of this motion, Defendants will assume that Plaintiff has a qualifying medical condition under SHRL and CHRL.  However, Plaintiff's claims under both statutes still fail because Plaintiff does not sufficiently demonstrate that any of the complained-of conduct occurred under circumstances giving rise to an inference of disability-based discrimination.  See Toth, 119 A.D.3d 431.  Rather, in a conclusory manner, Plaintiff merely alleges that he was treated less well than similarly situated non-disabled teachers in that he was subjected to unwarranted misconduct investigations, received disciplinary letters to file, and denied per session opportunities.  See ECF Dkt., ¶199.  Plaintiff does not even identify any non-disabled comparator.  See Etienne v. MTA NY City Tr. Auth., 223 A.D.3d 612, 612 (1st Dep't 2024) (discrimination claim dismissed where plaintiff failed to identify any similarly situated colleagues who were treated more favorably because they did not belong to plaintiff's protected class and where the complaint otherwise fails to raise an inference of discrimination.).

**C.**     **Plaintiff Fails To Plausible Allege Retaliation Claims Under The ADEA, ADA, SHRL And CHRL**

Plaintiff's ADEA and ADA retaliation claims fail because he does not plausibly demonstrate a causal connection between a cognizable protected activity and an adverse employment action.  To establish a presumption of retaliation at the initial stage of an ADEA or ADA litigation, a plaintiff must plausibly allege that: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.  See Littlejohn v. City of N.Y., 795 F.3d 297, 315-16 (2d Cir. 2015); Verne v. NY City Dept., 21 Civ.

16

5427 (JPC), 2022 US Dist. LEXIS 180135, at *23 (S.D.N.Y Sep. 30, 2022).  In making this showing, a plaintiff must demonstrate that "but for" the protected activity, he would not have been subjected to an adverse employment action.  See Bernheim v. NY City Dept. of Educ., No. 19-CV-9723 (VEC) (JLC), 2021 U.S. Dist. LEXIS 118948, at *35 (S.D.N.Y. June 25, 2021).  For purposes of a retaliation claim, "[p]rotected activity refers to action taken to protest or oppose statutorily prohibited discrimination.  Complaining about general unfairness, unaccompanied by any indication that plaintiff's protected class status caused the unfairness, does not qualify as protected activity."  See Silva-Markus v. Rodriguez-Gonzalez, 19 Civ. 4335 (PGG) (SLC), 2022 US Dist. LEXIS 43524, at *26 (S.D.N.Y Mar. 10, 2022) (internal citations and quotations omitted).

Here, Plaintiff fails to plausibly allege that he engaged in any legally cognizable protected activity prohibited by the anti-retaliation provisions under the ADEA and ADA that resulted in the DOE taking any alleged adverse action against him.  Most of the "complaints" that Plaintiff made were not complaints of age or disability or any other type of discrimination protected under anti-discrimination laws.  Indeed, Plaintiff complaints constituted: a refusal to complete report cards for students he did not teach, a complaint about a classroom observation report, and filing grievances concerning alleged collective bargaining agreement violations.  See ECF Dkt. No. 1, ¶¶ 22-23, 30-31, 95-98, 109.  Rather, the Complaint merely alleges that Plaintiff submitted discrimination charges to the SDHR and EEOC on May 8, 2023, and May 10, 2023, respectively.  See Exhibits A and B to the Complaint.  Plaintiff fails to plausibly allege a causal connection with the discrimination charges and any alleged adverse action that occurred after the charges was made.  Accordingly, Plaintiff's ADEA and ADA retaliation claims fail, and must be dismissed.

To state a retaliation claim under either the SHRL and the CHRL, a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) the employer was aware of that activity; (3) he suffered adverse action (SHRL) or an action that disadvantaged him (CHRL); and (4) a causal connection between the protected activity and the employment action. See 14 St. Med., P.C. v Khan, 81 Misc. 3d 1203[A], 2023 NY Slip Op 51219[U], *3 (Sup. Ct., NY Cnty. 2023).

Here, the Complaint fails to demonstrate a causal connection between a protected activity and an adverse action or disadvantageous treatment taken against Plaintiff. As explained above, although Plaintiff's May 2023 discrimination charges constitute protected activity, Plaintiff fails to allege that this activity resulted in any retaliatory conduct on the part of Defendants. In fact, Plaintiff repeatedly contends that Defendants retaliated against him because he refused to "fix" student grades, which is conduct that is wholly divorced from opposing an unlawful discriminatory practice and amounts to nothing more than a generalized workplace complaint about school leadership and policy. As such, Plaintiff's allegations are insufficient to state a claim for retaliation under either the SHRL and the CHRL, and the claims must be dismissed.

**D.    Plaintiff Fails to Plausibly Allege Hostile Work Environment Claims Under The ADEA, ADA, SHRL And CHRL**

Plaintiff's hostile work environment claims fail because he does not plausibly allege that he was subjected to a severe, hostile and abusive work environment because of his age or disability. In order to plausibly allege an actionable hostile work environment claim under the ADEA and ADA, a plaintiff must demonstrate that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and that the complained-of conduct occurred because of the plaintiff's protected characteristics. See Harvin v. Manhattan & Bronx Surface Tr. Operating Auth., 767 F App'x 123, 128 (2d Cir. 2019); Boonmalert v. City of NY, 721 F. App'x 29, 33-34 (2d Cir. 2018).

18

This standard has both an objective and subjective component in that a plaintiff must not only show that he subjectively perceives the environment to be abusive, but also that a reasonable person would find the environment  objectively hostile and abusive.  See Harvin, 767 F. App'x 123 at 128.  To determine whether an incident or series of incidents is sufficiently severe or pervasive to alter the conditions of a plaintiff's work environment, the Court must consider the totality of the circumstances, including such factors as: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.  See Boonmalert, 721 F. App'x at 33.

As an initial matter, as noted above supra, in subpoints A and B,  Plaintiff does not plausibly allege that any of the complained-of conduct occurred because of his age or purported disability.  See Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002)( it is "axiomatic" that a hostile work environment claim must allege that the conduct occurred because of the protected characteristic.).  Indeed, Plaintiff's allegations do not plausibly plead that he was subjected to a single incident of discriminatory intimidation, ridicule, or insults, much less an ongoing pattern of such conduct.  The Complaint is devoid of any allegations that plausibly demonstrate that Defendants made any negative comments about Plaintiff's age or purported disability.  Nor does the Complaint plausibly demonstrate that Plaintiff was subjected to physically threatening or humiliating conduct because of his age or purported disability.  While Plaintiff may believe that he was subject to a hostile work environment because of his age or purported disability, he certainly does not plausibly allege any discriminatory conduct so severe and pervasive that a reasonable person would find his workplace hostile or abusive.  Accordingly,  Plaintiff's hostile work environment claims under the ADEA and ADA fail and must be dismissed.

19

To make out a claim for hostile work environment under the SHRL, a plaintiff must demonstrate that she was subjected to inferior terms, conditions, or privileges of employment because of the plaintiff's membership in one or more protected classes under the law. See, e.g., Golston-Green v. City of N.Y., 184 A.D.3d 24, 41 (2d Dep't 2020). In making out this claim, a complaint must adequately demonstrate that the defendant's conduct occurred under circumstances giving rise to an inference of discrimination. See Massaro v. Department of Educ. of the City of N.Y., 121 A.D.3d 569, 570 (1st Dep't 2014) ("Plaintiff failed to adequately plead discriminatory animus, which is fatal to both her age discrimination and hostile work environment claims under the State and City Human Rights Laws"); Lewkowicz v. Terence Cardinal Cook Health Ctr., 212 A.D.3d 443, 443 (1st Dep't 2023) (plaintiff did not otherwise set forth any factual allegations showing that he was terminated under circumstances that gave rise to an inference of discrimination), lv. to appeal denied, 39 N.Y.3d 914 (2023).

The CHRL requires a similarly liberal analysis of a hostile work environment claim; yet, as with SHRL claims, there is still a fundamental requirement to link the complained-of conduct to discriminatory animus. See Chin v. NYCHA, 106 A.D.3d 443, 445 (1st Dep't 2013), appeal denied, 22 N.Y.3d 861 (2014); EEOC v. Bloomberg L.P., 967 F. Supp. 2d 816, 837 (S.D.N.Y. 2013); Williams v. New York City Housing Auth., 61 A.D.3d 62, 79 (1st Dep't 2009). Specifically, a plaintiff must allege facts that demonstrate he has been treated less well than other employees because of her membership in a protected class, or that discrimination was one of the motivating factors for the employer's conduct. See Chin, 106 A.D.3d at 445. For the same reason that Plaintiff's discrimination claims fail, Plaintiff's hostile work environment claims under the SHRL and the CHRL must also fail. Plaintiff relies on the same threadbare, conclusory allegations he used to support his discrimination claims without alleging facts demonstrating that he endured

20

any material change to the  terms of his employment or that he was treated less well because of his age or purported disability.  Accordingly, Plaintiff's hostile work environment claims must be dismissed.

In addition, Plaintiff cannot show how the individually named Defendants are subject to liability under the SHRL and the CHRL.  The SHRL prohibits discriminatory conduct by "employer[s]" only, not individual employees.  See Doe v. Bloomberg L.P., 36 N.Y.3d 450, 456-459 (2021); Kwong v. City of N.Y., 204 A.D.3d 442, 445-46 (1st Dep't 2022), appeal dismissed, 38 N.Y.3d 1174 (2022).  Thus, none of individually named defendants, as mere employees of DOE, are "employers" under the SHRL.  See Doe v. Bloomberg L.P., 36 N.Y.3d at 458.  Moreover, as set forth above in Point II, Plaintiff fails to plausible plead claims of discrimination even under the CHRL.

## POINT III

### PLAINTIFF FAILS TO STATE A PLAUSIBLE FIRST AMENDMENT RETALIATION CLAIM

To make out a prima facie case of First Amendment retaliation, a plaintiff must establish "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  Shara v. Maine-Endwell Cent. Sch. Dist., 46 F.4th 77, 82 (2d Cir. 2022).  In determining the first element of the claim, courts conduct a two-step inquiry to determine: (1) whether the subject of the employee's speech was a matter of public concern; and (2) whether the employee spoke as a private citizen.  See Conte v. Bergeson, No. 17-3233, 2019 U.S. App. LEXIS 7322, at *2-4 (2d Cir. Mar. 13, 2019).  If the answer to either inquiry is no, that is the end of the matter, and the speech is not entitled to any constitutional protections.  Id.

21

To determine whether an employee spoke as a private citizen, courts must assess whether the "employee's speech falls outside of his official responsibilities." Shara ,46 F.4th 77, at 83. In order to determine whether a public employee speaks pursuant to his official duties, courts will look at the nature of plaintiff's responsibilities and plaintiff's speech and the relationship between the two. See Ross v. Breslin, 693 F.3d 300, 306 (2d Cir. 2012). Speech concerning an employee's "ability to properly execute his duties" is speech made pursuant to those duties. Weintraub v. Board of Educ., 593 F.3d 196, 203 (2d Cir. 2010) (quotation marks omitted). Public employees speaking pursuant to their official duties are not speaking as citizens under the First Amendment. See Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). This is still the case even if the speech is a matter of public concern. See id. at 423.

Here, the Complaint fails to demonstrate that Plaintiff spoke as a citizen, rather than an employee, or on a matter of public concern—let alone both. Plaintiff alleges that Bryant Administration retaliated against him because he voiced concerns about the "grade fixing" directive at union meetings, filed grievances about the issue and was profiled in a New York Post article about the issue in June 2022. See ECF Dkt.1, ¶¶ 3, 180. However, this speech is not a matter of public concern as it relates to Plaintiff his official duties as a teacher because the speech concerned the essential task of evaluating student achievement and his concerns about his ability to properly execute this duty, and Plaintiff's knowledge of the issue came by virtue of his employment at the school. See Ramsaroop v. Dept. of Educ. of NY, No. 20-cv-4947 (ER), 2023 US Dist LEXIS 186, at *23 (S.D.N.Y Jan. 2, 2023)(holding that a teacher spoke as a public employee rather than a private citizen, when he refused to implement a grading policy that required him to change the grade of failing students); O'Connor v. Huntington U.F.S.D., No 11-CV-1275 (JFB)(ARL), 2014 U.S. Dist. LEXIS 39596 at *22 (E.D.N.Y. Mar. 24, 2014) (Plaintiff's

complaints about grading irregularities did not constitute protected speech because he was speaking as public employee about an issue directly related to his official job duties as a teacher.). Accordingly, Plaintiff's speech concerning the "grade fixing" issue is not constitutionally protected.

The only "speech" that might arguably be protected under the First Amendment is Plaintiff's claim that he contacted a reporter for the NY Post in June 2022 and subsequently provided documentation of administrative pressure by Bryant Administration to fix grades, and to pass plagiarized work. See ECF Dkt. No. 1, ¶ 180. However, Plaintiff does not provide any more specific facts about what Plaintiff provided to this reporter and, significantly, offers no allegations that any of the individually named defendants or anyone at the DOE knew that Plaintiff had communicated with this newspaper reporter. Indeed, the June 18, 2022 newspaper article to which Plaintiff refers makes no mention of Plaintiff's name. See https://nypost.com/2022/06/18/bryant-hs-teachers-say-they-must-pass-all-students/.

Even assuming that this Court finds that Plaintiff engaged in protected speech, he did not, his § 1983 retaliation claim must still fail because he does not plausibly allege a causal connection between the speech an any adverse action. With respect to the causation element of a retaliation claim, it can be proven indirectly by means of circumstantial evidence, for example, by showing that the protected activity was followed by adverse treatment in employment, or directly by evidence of retaliatory animus. See Morris v. Lindau, 196 F3d 102, 110 (2d Cir. 1999). Here, Plaintiff alleges that in response to his speech, Defendants retaliated against him by issuing adverse performance rating and evaluations, being subjected to a number of unwarranted OSI and SCI investigation, issued disciplinary letters to his file, and denied him overtime and per session opportunities. See ECF Dkt.1, ¶ 3. At the outset, Plaintiff fails to allege the dates he attended

23

union meetings and voiced disagreement about the "grade fixing" issue or when he filed any grievances about the issue.  As such, Plaintiff cannot plausibly assert a causal connection between that those activities and any alleged adverse action since the Complaint is silent as to whether his protected activity occurred before the alleged adverse action.  See Morris v. Lindau, 196 F3d 102 at 11.  Moreover, Plaintiff's allegation that Defendants "falsely accused him" and "reassigned away from the school" because the New York Post ran an article about him speaking about the "grade fixing" issue, is conclusory and baseless.  See ECF Dkt., ¶ 180.  In reality, Plaintiff was administratively reassigned from his classroom pursuant to an investigation that was initiated prior to his alleged contact with the newspaper, see Exhibit 1 and the reassignment happened in October 2022, more than three months after the article was published.  Id.  The Complaint otherwise fails to plausibly allege that Defendants subjected Plaintiff to any adverse employment action in connection to any protected speech.

Moreover, Plaintiff fails to attribute any particular allegations to the individually named Defendants other than conclusory allegations of supervisory culpability.  To make out a claim against an individual defendant under § 1983, a plaintiff must demonstrate the defendant's personal involvement in the discrimination at issue.  See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (criteria for personal involvement under § 1983).  But see Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (finding that a supervisor can be held liable only "through the official's own individual actions"); Lombardo v. Graham, 807 F. App'x 120, 124 n.1 (2d Cir. 2020) (noting, without deciding, that the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations.).

Since Plaintiff has failed to plausibly plead a retaliation claim against any of the individually named defendants, he has also not pleaded a <u>Monell</u> claim against the DOE. <u>See City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986); <u>Wright v. City of Syracuse</u>, 611 F. App'x 8, 12 (2d Cir. 2015) (Because Wright failed to establish individual liability on his claims, his claim of liability against the City for these purported violations fails as a matter of law). Moreover, Plaintiff's Complaint fails to plausibly plead that the DOE had a policy and practice against retaliating against employees who engage in 1st Amendment protected activity. Accordingly, Plaintiff's § 1983 1st Amendment retaliation claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          June 24, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-188
New York, New York 10007
(212) 356-4076
scorinth@law.nyc.gov

By:    /s/ Shemori S. Corinthian
       Shemori S. Corinthian
       Assistant Corporation Counsel

Bruce Rosenbaum,
Shemori S. Corinthian,
  Of Counsel.

25