Docket No. 24 Civ. 01661 (HG)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL EISENBERG,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
NAMITA DWARKA, Deputy Superintendent Queens
South & former Principal of William Cullen Bryant High
School, in her official and individual capacity; CARLYN
ST. AUBAIN, Principal of William Cullen Bryant High
School, in her official and individual capacity; ALLISSA
CREA MASON, Assistant Principal of Arts, Guidance,
PPS & Student Engagement of William Cullen Bryan
High School, in her official and individual capacity,

Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE
COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Shemori S. Corinthian*
*Tel: (212) 356-4076*
*Matter #: 2024-030432*

Bruce Rosenbaum,
Shemori S. Corinthian,
 Of Counsel.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT

      POINT I

            PLAINTIFF'S CLAIMS ARE PARTIALLY TIME-
            BARRED ................................................................................................ 3

      POINT II

            PLAINTIFF FAILS TO PLEAD ANY PLAUSIBLE
            CLAIMS UNDER THE ADEA ADA, SHRL OR
            CHRL ...................................................................................................... 5

            A.   ADEA Discrimination And Age Discrimination
                Under The SHRL And CHRL ................................................ 5

            B.   ADA      Discrimination     And     Disability
                Discrimination Under The SHRL And CHRL ................................... 6

            C.   Plaintiff Fails To Plausible Allege Retaliation
                Claims Under The ADEA, ADA, SHRL And
                CHRL ...................................................................................... 7

            D.   Plaintiff Fails to Plausibly Allege Hostile Work
                Environment Claims Under The ADEA, ADA,
                SHRL And CHRL .................................................................. 8

      POINT III

            PLAINTIFF FAILS TO STATE A PLAUSIBLE
            FIRST AMENDMENT RETALIATION CLAIM ................................... 8

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Akhtar v. Saudia,
  No. 19 CV 03763 (LTS) (DCF), 2021 U.S. Dist. LEXIS 85336
  (S.D.N.Y May 4, 2021)...................................................................................................4

Darcy v. Lippman,
  356 F. App'x 434 (2d Cir. 2009) ....................................................................................6

Desrosiers v. Summit Sec. Servs.,
  No. 21-CV-10941 (JPO), 2022 US Dist. LEXIS 192512
  (S.D.N.Y. Oct. 21, 2022) ...............................................................................................7

Johnson v. New York State Office of Alcoholism & Substance Abuse Servs.,
  No. 16-CV-9769 (RJS), 2018 U.S. Dist. LEXIS 41986
  (S.D.N.Y. Mar. 13, 2018) ...............................................................................................9

Marcus v. Leviton Mfg. Co.,
  661 F. App'x 29 (2d Cir. 2016) ......................................................................................5

Nat'l Railroad Passenger Corp. v. Morgan,
  536 U.S. 101 (2002)......................................................................................................3, 4

Nazon v. Time Equities, Inc.,
  21 Civ. 8680 (AT), 2022 U.S. Dist. LEXIS 212823
  (S.D.N.Y Nov. 22, 2022) ................................................................................................3

Santana v. Mount Vernon City Sch. Dist./Bd. of Educ.,
  No. 20-cv-3212 (NSR), 2021 U.S. Dist. LEXIS 189907
  (S.D.N.Y Sept. 30, 2021).................................................................................................4

Slattery v. Swiss Reinsurance Am. Corp.,
  248 F.3d 87 (2d Cir.), cert. denied, 534 U.S. 951 (2001) .............................................10

Smith v. Miller,
  No. 15 Civ. 9561, 2017 U.S. Dist. LEXIS 176078
  (S.D.N.Y. Oct. 23, 2017) ................................................................................................9

Woolf v. Strada,
  949 F.3d 89 (2d Cir. 2020)..............................................................................................6

<u>Ya-Chen Chen v. City Univ. of N.Y.</u>,
  2014 U.S. Dist. LEXIS 45812 (S.D.N.Y. Mar. 31, 2014), <u>aff'd</u>, 805 F.3d 59
  (2d Cir. 2015)..................................................................................................7

**Statutes**

29 U.S.C. §§ 621, *et seq.*...............................................................................1, 8

42 U.S.C. § 1983...........................................................................................1, 2, 10

42 U.S.C. §§ 12101, *et seq.*........................................................................1, 6, 8

First Amendment ................................................................................................2

N.Y.C. Admin. Code §§ 8-101, *et seq.* ..........................................................1

N.Y. Educ. Law § 3813 .....................................................................................2

N.Y. Exec. Law §§ 290, *et seq.* ......................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b) ..........................................................................................1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

MICHAEL EISENBERG,

                                    Plaintiff,

                 -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
NAMITA DWARKA, Deputy Superintendent Queens
South & former Principal of William Cullen Bryant High
School, in her official and individual capacity; CARLYN
ST. AUBAIN, Principal of William Cullen Bryant High
School, in her official and individual capacity; ALLISSA
CREA MASON, Assistant Principal of Arts, Guidance,
PPS & Student Engagement of William Cullen Bryan
High School, in her official and individual capacity,

                                   Defendants.
---------------------------------------------------------------------- x

24 Civ. 01661(HG) (VMS)

**REPLY MEMORANDUM IN LAW IS SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff commenced this action alleging that he was discriminated and retaliated against and subjected to a hostile work environment because of his age and alleged migraine disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. §§ 621 *et seq.*, the New York State Human Rights Law, Executive Law §§ 290, *et seq.* ("SHRL"), and the New York City Human Rights Law, Administrative Code §§ 8-101, *et seq.* ("CHRL"). Further, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that he was retaliated against when he spoke to a New York Post reporter regarding student grading issues at his school.

On June 24, 2024 Defendants moved, pursuant to Fed. R. Civ. P. 12(b), to dismiss the Complaint on the grounds that: (1) Plaintiff's claims under the ADA and ADEA, are partially

time-barred, and the Complaint otherwise fails to state plausible claims under these statutes; (2) Plaintiff fails to state a plausible claim under 42 U.S.C. § 1983 for 1st Amendment retaliation; (3) Plaintiff failed to comply with applicable notice of claim requirements under Education Law § 3813; and (4) Plaintiff's claims under the SHRL and the CHRL are partially time-barred, and the allegations set forth in the Complaint otherwise fail to state a cause of action under these statutes.

On August 26, 2024, Plaintiff served a memorandum in opposition ("Pl. Opp.") to Defendants' motion. First, Plaintiff concedes in opposition that some of his claims are time-barred. However, he erroneously argues in opposition that the time-barred claims may nonetheless be considering under the continuing violation doctrine. He also argues that the pendency of his EEOC entitles him to a toll of the statute of limitations. In addition he argues that his failure to timely comply with notice of claim requirements as to defendant DOE may be excused because Defendants' acts were allegedly evidence of a continuing pattern of harassment and discrimination. As to his age and disability discrimination claims, Plaintiff argues that he has plausibly pleaded that the actions about which he complains were motivated by age and disability discrimination, that he has plausibly pleaded that he was subjected to a hostile work environment on the basis of his age and alleged disability and that he has plausibly plead a claim of retaliation. In addition, he erroneously argues that the individually named defendants are subject to liability under the SHRL. Finally, he argues that he has plausibly pleaded a claim of First Amendment retaliation.

Defendants now submit this reply memorandum of law in further support of their motion to dismiss the Complaint. For the reasons set forth below and in Defendants' initial moving papers, Plaintiff's arguments in opposition are unavailing.

2

<span style="text-align:center">**STATEMENT OF FACTS**</span>

For a complete statement of the material and pertinent facts, Defendants respectfully refer the Court to the Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint ("Defs.' MOL."), served on June 30, 2024, at pp. 2-4.

<span style="text-align:center">**ARGUMENT**</span>

<span style="text-align:center">**POINT I**</span>

<span style="text-align:center">**PLAINTIFF'S CLAIMS ARE PARTIALLY TIME-BARRED**</span>

As outlined in Defendants' initial moving papers, Plaintiff's federal, state, and local claims are partially time-barred as Plaintiff: (1) failed to comply with New York State notice of claim provisions; (2) failed to timely file an EEOC charge relevant to when his claims accrued; and (3) commenced the instant action long after the statute of limitations ran on his claims against Defendants. See Defs.' MOL at pp. 5-7. In opposition, Plaintiff does not dispute that most of the complained-of conduct supporting his claims are untimely. Rather, Plaintiff contends that complained-of conduct constitute an ongoing continuous practice and policy of discrimination that is timely pleaded because of the continuing violation doctrine. See Pl. Opp. at p. 9. However, contrary to Plaintiff's contention, the continuing violation doctrine does not apply here to otherwise save his untimely causes of action, untimely notice of claim, and untimely EEOC charge. The continuing violation doctrine is applicable to hostile work environment claims so long as the claims are comprised of acts that are a part of a single continuing pattern of an unlawful employment practice, and at least one of the acts falls within the limitations period. See Nazon v. Time Equities, Inc., 21 Civ. 8680 (AT) (SLC), 2022 U.S. Dist. LEXIS 212823, at *22 (S.D.N.Y Nov. 22, 2022). However, the continuing violation doctrine does not extend to claims premised on discrete time-barred acts. See Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113

<span style="text-align:center">3</span>

(2002). Indeed, the Supreme Court had held that each discrete act constitutes a separate actionable unlawful employment practice such that a plaintiff cannot avail himself to the tolling provision under the continuing violation doctrine. <u>Id</u>. at 114; <u>see</u> <u>also</u> <u>Santana v. Mount Vernon City Sch.</u> <u>Dist./Board of Educ.</u>, No. 20-cv-3212 (NSR), 2021 U.S. Dist. LEXIS 189907, at *20-22 (S.D.N.Y Sep. 30, 2021).

As an initial matter, as outlined previously in Defendants' moving papers, Plaintiff fails to plausibly allege that any of complained-of conduct set forth in the Complaint amounts to an actionable hostile work environment claim under federal, state, or local law. <u>See</u> Defs.' MOL at pp. 18-20. Rather, the Complaint merely sets forth a compilation of various, unrelated, time-barred <u>discrete acts</u> allegedly taken against Plaintiff since the 2018—to wit, denial of per session opportunities, receiving ineffective and developing ratings, receiving unwarranted letters to file, and denial of certain class assignments. <u>See</u> ECF Dkt. 1, ¶¶ 23, 38, 39, 56, 87, 110, 126, 185, 199. These discrete acts do not fit into an ongoing pattern of one unlawful employment practice as to invoke the continuing violation doctrine against Defendants. <u>See</u> <u>Nat'l Railroad Passenger Corp.</u>, 536 U.S. 101 at 113. Accordingly, the continuing violation doctrine cannot salvage Plaintiff's time-barred claims.

With respect to Plaintiff's state law claims, Plaintiff further contends that the filing of his May 10, 2023 EEOC discrimination charge tolled the statute of limitations on his claims against Defendants. Although the Second Circuit has not yet definitively determined the issue of whether the filing of an EEOC charge serves to automatically toll the statute of limitations on related claims asserted under the SHRL, Plaintiff correctly points out that some courts within the circuit have held that the filing of an EEOC charge has a tolling effect during the pendency of the EEOC charge. <u>See</u> <u>Akhtar v. Saudia</u>, No. 19 CV 03763 (LTS) (DCF), 2021 U.S. Dist. LEXIS

4

85336, at *31 (S.D.N.Y May 4, 2021). However, even if this Court finds that Plaintiff's EEOC charge tolls the statute of limitations on Plaintiff's state law claims, most of his claims would remain untimely. Here, the applicable toll period would be 214 days between May 23, 2023 (when plaintiff filed her EEOC complaint) to December 6, 2023 (when Plaintiff received EEOC right to sue letter). In the Complaint, Plaintiff asserts that the alleged the complained-of conduct commenced as early 2017. See Complaint, ¶ 23. Based on the timeline set forth in the Complaint, even taking the tolling provision into account, the statute of limitations on most of Plaintiff's claims against Defendants would have long run before Plaintiff commenced this instant action.

**POINT II**

**PLAINTIFF FAILS TO PLEAD ANY PLAUSIBLE CLAIMS UNDER THE ADEA ADA, SHRL OR CHRL**

**A.     ADEA Discrimination And Age Discrimination Under The SHRL And CHRL**

Plaintiff's age discrimination claims fail as the Complaint does not plausibly raise an inference of discrimination or plausibly allege that Plaintiff's age was the but-for cause for any actionable adverse employment action taken against Plaintiff. Indeed, Plaintiff repeatedly alleges that the vast majority of the complained-of conduct occurred because of his failure to follow an alleged "grade fixing" directive from school administrators. See ECF Dkt. No. 1 ¶¶ 22, 23. Plaintiff attempts to raise an inference of discrimination through alleging he was treated less well than younger teachers. See ECF Dkt. No. 1, ¶¶ 194, 199. However, aside from alleging that the comparators are also music teachers, Plaintiff fails to plausibly allege that the younger teachers are similarly situated in any material respects such that this Court could reasonably conclude that any difference in treatment is attributable to age based discrimination. See Marcus v. Leviton Mfg. Co., 661 F. App'x 29, *31-33 (2d Cir. 2016) (without setting forth specific factual allegations regarding a comparator's workplace conduct, the mere allegation that a younger colleague was not

5

subject to adverse employment action like the plaintiff, does not give rise to even a minimal inference of age discrimination). Indeed, Plaintiff fails to set forth factual allegations regarding the putative comparators' relative qualifications, years of teaching experience, workplace conduct, and disciplinary record. In opposition, Plaintiff does not meaningfully address the pleading deficiencies in his discrimination claims, and largely repeats the same vague and conclusory allegations set forth in the Complaint. Accordingly, Plaintiff's age discrimination claims must be dismissed.

**B. ADA Discrimination And Disability Discrimination Under The SHRL And CHRL**

Plaintiff's ADA disability discrimination claim fails because he does not plausibly allege that he is disabled within the meaning of the statute as he fails to allege that his purported disability substantially limits one or more of his major life activities. In opposition, Plaintiff fails to meaningful address this deficiency in the Complaint. Indeed, Plaintiff merely asserts, in conclusory fashion, that he "suffered from a substantial limitation of the major life activity of working." See Pl. Opp. at p. 18. This conclusory assertion falls short of demonstrating that Plaintiff's purported disability precluded him from performing his job, as well as a broad range of other jobs. See Darcy v. Lippman, 356 F. App'x 434, 437 (2d Cir 2009); Woolf v. Strada, 949 F.3d 89, 94 (2d Cir. 2020). Accordingly, Plaintiff fails to plausibly allege that he is disabled within claim under the ADA.

Moreover, even if Plaintiff plausibly pleaded that he is "disabled" within the meaning of the ADA, SHRL, and CHRL, his disability discrimination claims ultimately fail, like his age discrimination claims, as he has not plausibly pleaded that the complained-of conduct occurred under circumstances that give rise to an inference of disability based discriminatory animus. Indeed, the Plaintiff's opposition papers merely sets forth conclusory allegations that he was treated differently from non-disabled colleagues, without identifying any of those colleagues

6

or providing any underlying supporting factual allegations about the comparators. Such a failure is fatal to Plaintiff's discrimination claims. See Desrosiers v. Summit Sec. Servs., No. 21-CV-10941 (JPO), 2022 U.S. Dist. LEXIS 192512, at *7 (S.D.N.Y Oct. 21, 2022). In his opposition, Plaintiff does not meaningfully address the deficiencies in his claims and merely reasserts the same conclusory allegations set forth in the Complaint. Accordingly, Plaintiff fails to plausibly allege actionable discrimination claims, and the claims must be dismissed.[1]

## C. Plaintiff Fails To Plausible Allege Retaliation Claims Under The ADEA, ADA, SHRL And CHRL

Plaintiff's retaliation claims fail because he does not plausibly demonstrate a causal connection between his May 2023 discrimination charges and any adverse employment actions, or disadvantageous treatment taken against him. In opposition, Plaintiff makes the dubious argument that, as result of his May 2023 discrimination charges, Defendants engaged in retaliatory conduct by placing a "problem code" in his file and subsequent "demotion." See Pl. Opp. at p. 20. However, Plaintiff's arguments in the opposition are plainly contradicted by the allegations set forth in the Complaint. In fact, the Complaint alleges that the problem code and Plaintiff's displacement upon returning to the school from his administrative reassignment occurred in connection to investigation that he had an inappropriate interaction with a student in March 2022, and not because he made a complaint in May 2023. See ECF Dkt. 1, ¶¶ 126, 127, 134. Plaintiff otherwise fails to plausibly allege a causal connection between the charges and any other alleged

---

[1] Contrary to Plaintiff's contention in opposition, see Pl.'s Opp. at 22-23, the individually named Defendants, none of whom are "employers" under the SHRL, are not subject to liability under the SHRL. Nor can the individually named defendants have "aided and abetted" in the discriminatory conduct fails because Plaintiff fails to plausibly plead his underlying claims of discrimination. See Ya-Chen Chen v. City Univ. of N.Y., 2014 U.S. Dist. LEXIS 45812, at *36 (S.D.N.Y. Mar. 31, 2014), aff'd, 805 F.3d 59 (2d Cir. 2015) (Aiding and abetting is only a viable theory when an underlying violation has taken place.).

adverse action that occurred after the charges were made.  Accordingly, Plaintiff's retaliation claims fail and must be dismissed.

**D.      Plaintiff Fails To Plausibly Allege Hostile Work Environment Claims Under The ADEA, ADA, SHRL And CHRL**

Plaintiff's hostile work environment claims fail because he does not plausibly allege that he was subjected to a severe or pervasive hostile work environment (for his ADEA and ADA claims) or otherwise treated differently because of his age or disability (for his SHRL and CHRL claims).  In his opposition, Plaintiff does not meaningfully address the deficiencies in his hostile work environment claims and merely relies on the same threadbare, conclusory allegations set forth in the Complaint and does not plausibly allege that he was subjected to the complained-of conduct because of his age or disability.  Accordingly, Plaintiff's hostile work environment claims must be dismissed.

## POINT III

## PLAINTIFF FAILS TO STATE A PLAUSIBLE
## FIRST AMENDMENT RETALIATION CLAIM

Plaintiff's First Amendment retaliation claim fails as the Complaint does not plausibly allege a causal connection between any protected speech and an adverse employment action taken against Plaintiff.  In opposition, Plaintiff alleges that he engaged in protected speech regarding the "grade fixing" issue at various unspecified times since 2017 through 2022 while participating in various union activities and through contacting a New York Post reporter who eventually ran an article about Plaintiff discussing about the "grade fixing" issue in June 2022. See Pl. Opp. at p. 24.  Plaintiff further contends that Defendants retaliated against him for engaging in such speech by administratively reassigning him away from his school in October 2022.  Id. Even if the Court were to find that Plaintiff engaged in protect speech, his claim ultimately fails because he cannot establish a causal connection between the speech at issue and the alleged

retaliatory conduct. As an initial matter, any alleged protected speech that occurred years prior to the reassignment, without more, is simply too attenuated to establish causation. See Johnson v. NYS Office of Alcoholism & Substance Abuse Servs., No. 8 16-CV-9769 (RJS), 2018 U.S. Dist. LEXIS 41986, at *5 (S.D.N.Y. March 13, 2018). Moreover, as noted in the Defendants' initial moving papers, Plaintiff's allegation that Defendants reassigned him away from his school because the New York Post ran an article about him speaking about the "grade fixing issue" is completely conclusory and baseless. See Defs.' MOL. at p. 23. In opposition, Plaintiff fails to plausibly allege that the individually named Defendants or anyone at the DOE knew that Plaintiff communicated with a New York Post reporter or that he was featured in an article speaking about the grading issue. In opposition, Plaintiff makes the conclusory and speculative assertion that "a version" of the June 18, 2022 article included certain information that would have made him easily identifiable by school administrators as the source of complaints. See Pl. Opp. at 24. However, Plaintiff ultimately concedes that he was never named in the New York Post article. Id. Indeed, the current, publicly available article does not mention any personally identifiable information of any teacher, and specifically states that several unnamed teachers were the source of the complaints about the grading issue. See https://nypost.com/2022/06/18/bryant-hs-teachers-say-they-must-pass-all-students/ (accessed September 12, 2024). Under these circumstances, no reasonable inference can be made that Defendants knew about Plaintiff's alleged speech, even if constituted "protected speech," such that it would have motivated the Defendants to make the reassignment. Accordingly, Plaintiff fails to plausibly allege a causal connection between his speech about grading issue and his administrative reassignment. See Smith v. Miller, No. 15 Civ. 9561, 2017 U.S. Dist. LEXIS 176078 at *8 (S.D.N.Y. Oct. 23, 2017) (on a motion to dismiss, dismissing a retaliation claim because the plaintiff failed to allege that the defendants knew about the plaintiff's

grievance and failed to allege sufficient facts to suggest a retaliatory motive). The Complaint does not otherwise set forth any factual allegations plausibly demonstrating that Defendants took any action against Plaintiff that gave rise under to an inference of retaliatory animus. In fact, Defendants' decision to reassign Plaintiff was made pursuant to an investigation concerning a serious allegation that Plaintiff had an inappropriate interaction with a student in March 2022. See Defs.' MOL at p. 24; Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir.), cert. denied, 534 U.S. 951 (2001). Accordingly, Plaintiff's § 1983 1st Amendment retaliation claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 13, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-188
New York, New York 10007
(212) 356-4076
scorinth@law.nyc.gov

By: /s/ Shemori S. Corinthian
Shemori S. Corinthian
Assistant Corporation Counsel

Bruce Rosenbaum,
Shemori S. Corinthian,
Of Counsel.