Clerk's Office
Filed Date: Received on
December 26, 2024 JVC
U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

**FILED
Dec 23, 2024, 10:03 AM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Box.com**

December 23, 2024

Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A South
Brooklyn, New York 11201

Re: Eisenberg v. New York City Department of Education, et al.
Docket No. 24-CV-01661 (VMS)

Dear Judge Gonzalez:

  Plaintiff acting *pro se* respectfully requests reconsideration of the decision entered by Your Honor 12/16/2024, citing *Mitchell v. Con Edison*, 531 F. App'x 140, 141 (2d Cir. 2013) [citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) [ruling withdrawal of attorney's *pro se* special solicitude inappropriate absent a showing particular litigant acquired experience necessary to deal generally with all aspects of case, see *Tracy* at **39]]. *Tracy* uniquely exposits the controlling opinion for the Second Circuit, a ruling and accompanying *dicta*, which fully analyze and discuss in detail the special solicitude granted *pro se* plaintiffs as it relates to a plaintiff proceeding *pro se* who is also a practicing attorney. All later Second Circuit rulings merely cite to the language, decision, and *dicta* of *Tracy*. This motion for reconsideration is tendered given that, unlike attorney Tracy acting *pro se*, having participated in ten federal and state actions and with "voluminous motion practice" (*Tracy* at **37), but of whom the Second Circuit *nonetheless* ruled the court had abused discretion in general withdrawal of special solicitude, here, in the instant case, Plaintiff has no litigation, law practice, nor federal courtroom or procedural context experience whatsoever, thus warranting all the more such solicitude. (Cf. Zappin v. Comfort, 2024 U.S. App. LEXIS 30854 at *6, *7 [litigation experience]; Park v. State Farm Mut. Auto. Ins. Co., 2024 U.S. App. LEXIS 29454 [not *pro se*]; Woodhouse v. Meta Platforms, Inc., 2024 U.S. App. LEXIS 24437 [history filing frivolous lawsuits]; etc.)

  Furthermore, the "court should be particularly solicitous of *pro se* litigants who assert civil rights claims" (*Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003)) "particularly in light of the tendency of *pro se* actions to be dismissed early in the litigation" (*Tracy* at **31; J. D. Rosenbloom, "Exploring Methods to Improve Management and Fairness in *Pro Se* Cases: A Study of the *Pro Se* Docket in the Southern District of NY," 30 *Fordham Urb. L.J.* 305, 335-38 (2002)), thus relaxing limitations on

pleading amendments (*Tracy* at **30; *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980)) and unimpaired by harsh application of technical rules (*Tracy* at **31; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) as in sanctions of non-vexatious action taken for lack of legal sophistication.

In the specific case cited, Stephen Mitchell had been admitted to the bar in 1988, had practiced law actively until his disbarring for professional misconduct *inter alia* in 2010. While at the time of disbarring, Mitchell, a veteran attorney of 22 years, was the attorney of record in the federal court system for four designated matters, Plaintiff, admitted a mere five months ago, has never walked into a federal court, much less practiced law or acted in any litigant or even *pro se* capacity, prior to his initial appearance on October 3, 2024. Indeed Plaintiff was not even aware of the existence of a "motion to reconsider" or the proper form to address such a concern to the Court until recent consultation last week with the Federal Pro Se Legal Assistance Project and the Hofstra Law Pro Se Legal Assistance Program. Similarly, Plaintiff sought repeated clarification about items the Court considers "unambiguous" but which the Plaintiff still misunderstood and erred in fulfilling for this deficiency of experience and knowledge. Furthermore, when Opposing Counsel misrepresented Plaintiff's written requests for items to be included in the Joint Proposed Civil Case Management Plan, submitted by Opposing Counsel on August 13, 2024, Plaintiff had no knowledge of how appropriately to address to the Court this lapse, despite extensive research and multiple appeals to Opposing Counsel for clarification to the Court.

Based on this fundamental and utter deficiency in Plaintiff's knowledge of litigation and procedure, Plaintiff respectfully requests the Court reconsider this ruling and to grant special solicitude accordingly in his filing an amended complaint and in all other aspects to which such special solicitude would apply in the instant case (*Tracy* at *101 *et passim*).

Respectfully submitted,

*Michael J. Eisenberg*

Michael J. Eisenberg, *pro se*

cc:   Shemori Corinthian, Esq. (by email)
      Assistant Corporation Counsel
      New York City Law Department, Corporation Counsel
      100 Church Street, 2nd Floor
      New York, NY 10007
      scorinth@law.nyc.gov