UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

MICHAEL EISENBERG,

                              Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; NAMITA DWARKA, Deputy Superintendent Queens South & former Principal of William Cullen Bryant High School, in her official and individual capacity; CARLYN ST. AUBAIN, Principal of William Cullen Bryant High School, in her official and individual capacity; ALLISSA CREA MASON, Assistant Principal of Arts, Guidance, PPS, & Student Engagement of William Cullen Bryant High School, in her official and individual capacity; VASILIOS MANOLIOS, former Assistant Principal of Organization of William Cullen Bryant High School, in his official and individual capacity; HENRI HUEZO, New York City Department of Education Academic Policy, Performance and Assessment Specialist & former Assistant Principal of Data, Programming, & Guidance of William Cullen Bryant High School, in his official and individual capacity; MOISES MORALES, Assistant Principal of Science and World Languages of William Cullen Bryant High School, in his official and individual capacity;

                              Defendants.
---------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

No. 24 Civ. 01661(HG)(VMS)

        **WHEREAS**, Plaintiff may seek certain documents and information from Defendant New York City-Department of Education ("DOE") in discovery in this action, which Defendants deem to be confidential ("Confidential Information"); and

        **WHEREAS**, Defendants would object to the production of those documents and information unless appropriate protection for their confidentiality is assured.

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1. As used herein, "Confidential Materials" shall mean all documents provided to Plaintiff by Defendants' counsel concerning current or former students of the DOE, and all documents concerning current or former employees of the City of New York and DOE which are contained in the personnel, time and attendance, performance evaluation, disciplinary, labor relations, and medical files for each former or current employee as well all files maintained by the DOE from the Office of Equal Opportunity & Diversity Management ("EEO"); Office of Special Investigations ("OSI"), and the Office of the Special Commissioner of Investigation for the New York City School District ("SCI"), concerning each former or current employee, in physical or computerized form, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by Plaintiff from sources other than Defendants or Defendants' representatives or agents, or (b) are otherwise publicly available.

2. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of his case in this action and/or any appeal thereof.

3. Plaintiff shall not disclose the Confidential Materials to any person except under the following conditions:

    (a) Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action.

    (b) Disclosure before trial may be made only to an expert who has been retained or specially employed by Plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

(c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Plaintiff and a copy shall be furnished to Defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

6. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of

parties or non-parties, the parties may file redacted documents in accordance with Judge Vera M. Scanlon's Individual Rules for Civil Practice, Rule I(g).

       7.       Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be destroyed by Plaintiff.

       8.       Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

9. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:     New York, New York
            April 7, 2025

| | |
|---|---|
| Michael Eisenberg<br>Plaintiff Pro Se<br>23-50 Waters Edge Dr., Apt. 6L<br>Bayside, NY 11360<br>(516) 395-7644<br>mjeisenberg@gmail.com | MURIEL GOODE-TRUFANT<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-188<br>New York, New York 10007<br>Tel: (212) 356-4076<br>scorinth@law.nyc.gov |
| By: _____*Michael J. Eisenberg*_____<br>      Michael Eisenberg | By: _____/s/ Shemori S. Corinthian_____<br>      Shemori S. Corinthian<br>      Assistant Corporation Counsel |

**SO ORDERED:**

_____   _____
    Date                                                 Vera M. Scanlon, U.S.M.J.

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York, on _____, 2025 in the action entitled <u>Michael Eisenberg v. Department of Education, et. al</u>, 24 Civ. 01661(HG)(VMS) or has been advised of its provisions or contents, and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |
| | _____ |
| | Occupation |