UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL EISENBERG,

        Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*,

        Defendants.

---

**MEMORANDUM & ORDER**
24-CV-01661 (HG) (VMS)

**HECTOR GONZALEZ**, United States District Judge:

On July 18, 2025, I granted Defendants' motion to dismiss the Amended Complaint ("AC"), finding that Plaintiff failed to state a federal claim upon which relief could be granted and declining to exercise supplemental jurisdiction over his state law claims. *See Eisenberg v. New York City Dep't of Educ.*, No. 24-cv-01661, 2025 WL 2022093, at *3 (E.D.N.Y. July 18, 2025) ("Dismissal Order"). The Clerk of Court entered judgment against Plaintiff on July 21, 2025. ECF No. 74 (Judgment).[1] Twenty-eight days later, on August 15, 2025, Plaintiff filed a motion seeking an order: (i) vacating the dismissal; (ii) altering or amending the Judgment; and (iii) granting him leave to file a proposed second amended complaint, under Fed. R. Civ. P. 59(e), 60(a), 60(b), and 15(a)(2). *See* ECF No. 75 at 7, 22 (Plaintiff's Motion, or "Mot.").[2] For the reasons stated herein, Plaintiff's motion is DENIED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]     Plaintiff is a licensed attorney. Although he repeatedly emphasizes that he is proceeding *pro se*, the Court does not afford Plaintiff the special latitude generally granted to *pro se* litigants for the reasons the Court has already explained to him on several occasions. *See* December 16, 2024, Text Order; December 27, 2024, Text Order; *Eisenberg*, 2025 WL 2022093, at *1 n.1.

## **LEGAL STANDARD**

Rule 59(e) permits a party to move to alter or amend a judgment within 28 days of entry of the judgment. *See* Fed. R. Civ. P. 59(e). "A court may grant such a motion where: (1) there is an intervening change in controlling law; (2) new evidence previously unavailable comes to light; or (3) it is necessary to remedy clear error of law or to prevent manifest injustice." *SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, No. 21-cv-2857, 2023 WL 3919450, at *1 (S.D.N.Y. Mar. 15, 2023) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008). Nevertheless, "[t]he standard for granting a motion for reconsideration is strict, and the motion will be denied unless the movant points to controlling decisions or information that the court did not previously consider and that could reasonably be expected to alter the court's conclusion." *SuperCom*, 2023 WL 3919450, at *1 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008).

Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made[,]" not to alter the parties' substantive rights. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001); *see also*

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir.1994) ("To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intention of the court."). "Rule 60(a) is not meant to provide a way for parties to relitigate matters already decided, to change errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 409 (E.D.N.Y. 2013).

Rule 60(b) permits a court to relieve a party from a final judgment for certain enumerated reasons. *See* Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Indeed, "for such a motion to succeed the movant must present highly convincing evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the non-moving party as a result." *Whiddon v. Buzzfeed, Inc.*, No. 22-cv-4696, 2022 WL 17632593, at *5 (S.D.N.Y. Dec. 13, 2022) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-cv-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019).

**DISCUSSION**

**I.    Rule 59(e)**

Plaintiff moves to vacate the Judgment under Fed. R. Civ. P. 59(e) "based on newly discovered evidence produced to Plaintiff in discovery by Defense first on April 17, 2025[,] and continuing through July 2, 2025." *See* Mot. at 8. "Whether relief is sought under Rule 59(e) or

3

Rule 60(b)(2), courts apply the same strict standard, and decisions under either are authoritative." *Francis v. Culley*, No. 20-cv-3326, 2021 WL 3660719, at *9 n.14 (E.D.N.Y. Aug. 18, 2021).[3]

"The party seeking relief from judgment has an onerous standard to meet." *United States v. Int'l Bd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

> To prevail on a motion for relief from a judgment on the grounds of newly discovered evidence, a party must establish that: (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020). Here, the analysis need not go any further than the second factor, where it fails.

### A. Justifiable Ignorance, Despite Due Diligence

Plaintiff fails to demonstrate that he was justifiably ignorant of the facts despite due diligence. "Evidence is not 'newly discovered' if it was in the moving party's possession prior to the entry of judgment." *Johnson v. Askin Cap. Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001). Indeed, "it is beyond cavil that evidence that was actually in the possession of the movant prior to the challenged order or judgment cannot form the basis for a [Rule 59(e) or] 60(b) motion." *Miller v. Norton*, No. 04-cv-3223, 2008 WL 1902233, at *4 (E.D.N.Y. Apr. 28, 2008), *aff'd sub nom. Miller v. Kempthorne*, 357 F. App'x 384 (2d Cir. 2009).

---

[3] Plaintiff does not appear to bring a motion under Fed. R. Civ. P. 60(b)(2). But to the extent he intended to do so, the Court construes that portion of Plaintiff's motion to be brought under Rule 59(e) because he filed his motion within 28 days of the Judgment. *See, e.g., Lucio v. New York City Dep't of Educ. & Marie Douyon*, No. 12-cv-247, 2013 WL 12084546, at *2 (S.D.N.Y. May 16, 2013) ("Notwithstanding a plaintiff's own reliance on Rule 60(b), where a post-judgment motion is timely filed and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.") (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982)).

4

As Defendants correctly point out, at least some of the evidence Plaintiff attaches was either already in his possession, *e.g.*, his own emails, or could have been obtained by him earlier, *e.g.*, the New York Post article he pulled from the Wayback Machine.[4]  *See* ECF No. 82 at 10–12 (Defendants' Opposition, or "Opp.").  Such evidence cannot form the basis of a Rule 59(e) motion.

Likewise, the evidence that Plaintiff obtained through Defendants' productions in this action was also in his possession before the Judgment was entered.  Although his motion is vague about when he obtained each piece of "new evidence,"[5] Plaintiff received the latest of these documents on July 2, 2025, and the Judgment was entered on July 21, 2025—19 days later.  Plaintiff argues that the partial discovery provided on July 2, 2025, "could not have been presented to the Court prior to its decision on Defendants' motion to dismiss, despite Plaintiff's diligent efforts" because he was "in an inaccessible location" from June 23, 2025, to July 19, 2025.  *See* ECF No. 85 at 2 (Plaintiff's Reply in Support of Motion, or "Reply").  Yet during Plaintiff's time in the "inaccessible location," he was still vigorously litigating this matter— including by filing five separate docket entries.[6]  Plaintiff's failure to review the documents in

---

[4]    The Wayback Machine is a free internet tool that captures and archives snapshots of websites.  *See* https://archive.org/about/.

[5]    *See, e.g.*, Mot. at 8 ("The evidence, primarily obtained from Defense disclosures on July 2, 2025, *or through subsequent diligent research* . . . .") (emphasis added); *id.* at 9 ("A significant portion of the new information . . . was unknown until July 2, 2025, *or notice was received long after the events*) (emphasis added).

[6]    *See* ECF No. 67 (Plaintiff's Opposition to Defendants' Motion for a Protective Order, filed at 7:38 A.M. on June 27, 2025); ECF No. 68 (Plaintiff's First Set of Requests for Admission, filed at 11:36 A.M. on June 27, 2025); ECF No. 70 (Plaintiff's Letter to Magistrate Judge Scanlon, filed at 10:21 A.M. on July 9, 2025); ECF No. 71 (Copy of Plaintiff's Email to Defendants' Counsel re: Deadlines, filed at 10:21 A.M. on July 9, 2025); ECF No. 72 (Plaintiff's Letter to Magistrate Judge Scanlon, filed at 6:09 A.M. on July 11, 2025).

5

the 19 days between Defendants' production and the Judgment constitutes neither "justifiable ignorance" nor "due diligence" for Rule 59(e) purposes.

### B. Admissibility and Outcome-Changing Probability

In any event, Plaintiff also fails to demonstrate that the "newly discovered" evidence is (i) admissible, and (ii) of such importance that it probably would have prevented dismissal of this action. *See Metzler*, 970 F.3d at 146–47. First, Plaintiff states only in conclusory fashion that "[t]he new evidence is admissible," Mot. at 9, without offering any explanation. Additionally, while Plaintiff claims that the new evidence "profoundly impacts the probable outcome," and "directly addresses the Court's identified deficiencies," *id.*, none of the evidence he attaches would have changed the outcome of the motion to dismiss.[7]

For example, Plaintiff attaches exhibits containing details of workplace complaints against him, including sexual harassment allegations of which he was previously unaware. *See* ECF Nos. 79-4; 79-5; 79-6; 79-8. He presents these exhibits as additional allegedly adverse actions. *See* Mot. at 8 (describing ECF Nos. 79-5 and 79-8 as "New Unnoticed Retaliatory Investigations"); ECF No. 77 at 1 (List of Selected New Evidence) (describing same as "Adverse Actions"). Yet Plaintiff fails to meet his burden to demonstrate that these exhibits are "of such importance that [they] probably would have" prevented dismissal of this action. *See Metzler*, 970 F.3d at 146–47. Plaintiff does not explain how evidence of these investigations resolves the

---

[7] As for "new evidence" that Plaintiff vaguely describes without attaching, *see* Mot. at 9 (describing Defendants' emails and internal discussions), I decline to credit his self-serving and conclusory descriptions. His descriptions, even if they had been included in the AC, cannot advance a finding of facial plausibility for any of Plaintiff's federal claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.").

6

AC's failure to plausibly allege a causal connection between (i) alleged adverse employment actions and (ii) his protected speech (*i.e.*, his union activities from 2017–present and his "whistleblowing" in June and October of 2022). See *Eisenberg*, 2025 WL 2022093, at *4–5. The AC's temporal proximity issue remains unresolved, *see id.*, given that these "newly discovered" investigations occurred either prior to or over a year after his alleged whistleblowing. See ECF No. 79-6 (workplace complaint filed by Assistant Principal Morales on February 2, 2022); ECF No. 79-4 (workplace complaint filed by Assistant Principal Morales on April 6, 2022); ECF No. 79-8 (workplace complaint filed by Assistant Principal Morales on July 20, 2023); ECF No. 79-5 (workplace complaint filed by Assistant Principal Young sometime between September 18, 2024, and December 17, 2024). And the AC's failure to plausibly allege Defendants' knowledge of the protected speech also remains unresolved, as none of the exhibits suggest that any of the Defendants knew about Plaintiff's whistleblowing or union activities. See *Eisenberg*, 2025 WL 2022093, at *4–5. Nor do the exhibits indicate that the workplace complaints against Plaintiff led to disciplinary charges, as required for a retaliation claim. See, e.g., *McGrath v. Arroyo*, No. 17-cv-1461, 2019 WL 3754459, at *11 (E.D.N.Y. Aug. 8, 2019) ("When an employer undertakes a fact finding investigation in response to a complaint, that fact finding investigation is not itself grounds for a retaliation claim. Indeed, the law must give breathing room for such investigations to be carried out.") (citing *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 146–47 (2d Cir. 2014); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568–70 (2d Cir. 2011)). In short, the allegedly "newly discovered evidence" that Plaintiff attaches does not change my conclusion that Plaintiff failed to state a federal claim upon which relief could be granted.

7

**II.     Rule 60(a)**

Plaintiff next seeks to vacate the Judgment under Fed. R. Civ. P. 60(a) by arguing that I overlooked or misconstrued allegations in the AC.  *See* Mot. at 7, 11 ("[T]he Court's interpretation of the []AC inadvertently overlooked or misconstrued certain well-pleaded factual allegations, leading to an incomplete assessment of Plaintiff's claims."); Reply at 3 ("[The Court's] omissions and inadvertent inaccurate representations of the factual allegations pled prejudice Plaintiff's fair presentation of his case and thus warrant vacatur.").

"Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in order to implement the result intended by the court at the time an order was entered." *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (citing *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir.1999)).  "However, a court acting pursuant to Rule 60(a) may not make changes that alter the original meaning of an order to correct a legal or factual error." *Id.*

Plaintiff goes on at length about why he disagrees with my decision, going so far as to submit dozens of pages of "comprehensive clarifications, new information and evidence, and direct responses to the Court's identified deficiencies in the []AC," which he claims "decisively address[es] and cur[es] the defect of futility identified by the Court."  Mot. at 7, 11–14; *see also generally* ECF No. 76 (Plaintiff's Responses to Specific Pleading Defects Noted in Dismissal Order); Reply at 3–4.  However, he fails to identify any clerical errors, oversights, or omissions in the Dismissal Order that would provide a basis for Rule 60(a) relief.[8]  The 35-page Dismissal

---

[8] Although Plaintiff lists what he considers to be "omissions, misstatements, and misconstructions of the []AC pleadings" by the Court, *see* Reply at 3–4, these amount to revisionist readings of the Amended Complaint that the Court does not credit.  For example, Plaintiff points to a parenthetical in the background section of the Dismissal Order, which mentioned that "at least some of" the sexual misconduct allegations filed by students and colleagues against Plaintiff were later determined to be unsubstantiated.  *See id.* at 4 (citing

Order accurately reflects my decision to dismiss Plaintiff's federal claims with prejudice for failure to state a claim and my decision to decline to exercise supplemental jurisdiction over his state law claims. *See Weiming*, 595 F. App'x at 80. Plaintiff's invocation of Rule 60(a) is an improper attempt to re-litigate that dismissal.

### III.   Rule 60(b)(3)

Next, Plaintiff argues that the Judgment should be vacated under Fed. R. Civ. P. 60(b)(3), due to "Defendants' misrepresentation and misconduct[.]" Mot. at 14–15; *see also* Reply at 2–3. Rule 60(b)(3) provides for relief from judgment where there is "fraud [], misrepresentation, or misconduct by an opposing party." *See* Fed. R. Civ. P. 60(b)(3). "A Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations[.]" *Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008) (citing *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). To prevail, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *Id.* (citing *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 176 (2d Cir. 2004)).

---

*Eisenberg*, 2025 WL 2022093 at *2). He now claims to have pled that "*all* allegations" against him were found unsubstantiated, Reply at 4 (citing AC ¶ 269) (emphasis in original), and therefore the Court misconstrued his pleadings and should vacate the dismissal. Not so. The specific sentence Plaintiff cites, AC ¶ 269, related solely to a state law libel claim over which I declined to exercise supplemental jurisdiction. That sentence had no bearing on my finding that Plaintiff failed to adequately plead any federal claims. Plaintiff's argument is unsupported by the actual content and context of AC ¶ 269. Plaintiff did not allege that *all* of the sexual misconduct allegations filed by students and colleagues against him were found unsubstantiated, as he now claims. AC ¶ 269 merely alleged that an investigation into the "Schettini" incident found the related allegations of sexual harassment made by two of Plaintiff's colleagues to be unsubstantiated. *See* AC ¶¶ 109, 258–77.

9

According to Plaintiff, Defendants "knowingly misrepresented that the investigation initiated on September 15, 2022, actually commenced on April 6, 2022" to "break the chain of causation" between Plaintiff's whistleblowing activity in June 2022 and his subsequent reassignment and removal from classes in October 2022. *See* Mot. at 14–15; *see also* Reply at 3. Plaintiff claims that Defendants' deliberate withholding of this "material information, despite discovery obligations, underscores Defendants' intent to mislead the Court and obstruct justice." Mot. at 15. Defendants, in turn, characterize Plaintiff's argument as "unfounded and baseless" and argue that "the documents attached to Plaintiff's own motion papers confirm that the complaint was referred for investigation on April 6, 2022, and there is no factual basis for the September 15 date he asserts." Opp. at 13.

I agree with Defendants that none of the documents Plaintiff cites to or attaches "clearly establish an investigation start date of September 15, 2022," as he claims. Reply at 3. Upon careful review of Plaintiff's exhibits, none even mentions that date. *See* ECF Nos. 78–79. Nor does Plaintiff demonstrate that Defendants prevented him from fully and fairly presenting his case. This is especially apparent when considering that Plaintiff already raised the September 15 argument in his opposition to the motion to dismiss, *see* ECF No. 42 at 28 (accusing Defendants of "erroneous assertions regarding the timeline of Plaintiff's reassignment"), and the Dismissal Order explained that he would need more than allegations of temporal proximity to demonstrate a causal connection between his whistleblowing and alleged adverse employment actions. *See Eisenberg*, 2025 WL 2022093, at *5. In short, Plaintiff fails to meet his burden to demonstrate clear and convincing evidence of fraud, material misrepresentations, or misconduct by Defendants that prevented Plaintiff from fully and fairly litigating his case. *See Entral*, 298 F. App'x at 44.

## IV.   Rule 60(b)(6)

To the extent Plaintiff seeks relief under Rule 60(b)(6), his motion is further denied. Rule 60(b)(6) "'only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5).'" *Gustavia Home, LLC v. Hoyer*, No. 16-cv-4015, 2022 WL 875096, at *4 (E.D.N.Y. Mar. 23, 2022) (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)); *see also ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) ("Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply[.]"). Here, Rule 60(b)(3) squarely covers Plaintiff's argument that the Judgment should be vacated due to Defendants' purported misrepresentation of an investigation's commencement date, *see* Mot. at 15–16.

## V.   Leave to File a Proposed Second Amended Complaint

Finally, although a judgment was entered and this case is closed, Plaintiff seeks leave to file a proposed second amended complaint.[9] *See* Mot. at 7. "It is well established that a party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Metzler*, 970 F.3d at 142. Indeed, "it would be contradictory to entertain a motion to amend the complaint without a valid basis to vacate the

---

[9]  As I noted when denying his request to file a third complaint in this case, Plaintiff had effectively already been given two opportunities to amend his pleadings. *See Eisenberg*, 2025 WL 2022093, at *16. Plaintiff made his first request for leave to amend, ECF No. 32, on December 11, 2024—seven months after his right to amend under Rule 15(a)(1) had expired, and three months after Defendants' motion to dismiss the Complaint was fully-briefed, *see* ECF No. 26 (Defendants' First Motion to Dismiss); ECF No. 27 (Plaintiff's First Opposition); ECF No. 28 (Defendants' First Reply). I granted that request after giving Defendants an opportunity to be heard. *See* January 9, 2025, Text Order. Then, in deciding Defendants' motion to dismiss the AC, *see* ECF No. 41 (Defendants' Second Motion to Dismiss); ECF No. 42 (Plaintiff's Second Opposition); ECF No. 44 (Defendants' Second Reply), I granted Plaintiff leeway by considering new allegations raised in his Opposition, even though he is a licensed attorney. *See Eisenberg*, 2025 WL 2022093, at *16.

11

previously entered judgment." *Id.* "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* "If there is no basis to vacate or set aside the judgment, the [moving] party should not be granted the opportunity to file an amended pleading." *Obra Pia Ltd. v. Seagrape Investors LLC*, No. 19-cv-7840, 2021 WL 1978545, at *3 (S.D.N.Y. May 18, 2021). Accordingly, Plaintiff's request to file a second amended complaint is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion seeking to vacate, alter, or amend the judgment in this case and to file a second amended complaint, *see* ECF No. 75, is DENIED.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       January 2, 2026